McCaffree v. Guesford.

McCAFFREE *v.* GUESFORD.

Under section 1716 of the Code, which provides that, if the petition is not filed by the time fixed in the original notice, or if not filed ten days before the first day of the next term of the court, the action will be deemed discontinued, unless good cause be shown for the failure, it is sufficient if the petition is filed ten days before the commencement of the term, though after the time fixed in the notice for filing the same.

When the petition is so filed, the defendant is required to take notice of it, even though it may have been filed after the time specified in the original notice.

*Appeal from the Jasper District Court.*

McCAFFREE sued Guesford in the District Court. The original notice was placed in the hands of the sheriff for service, and served, on the 5th day of September, 1854, and recited that there was *then* on file, a petition. No petition was, in fact, filed until the next day. The defendant moved the District Court to dismiss the cause, for the reason, among

McCaffree v. Guesford.

others, that no petition was on file as alleged in the notice. This motion was sustained, and the cause dismissed. The plaintiff appeals, and assigns for error, the sustaining of the motion and the dismissal of the cause.

*Cook & Dravo* and *C. Bates*, for appellant.

*W. Penn. Clarke*, for appellee.

WRIGHT, C. J.—The whole record has been examined, and we are unable to see what the various causes specified in the motion to dismiss, point to, unless it is, that the petition, not having been on file at the time the notice was placed in the sheriff's hands, the suit was to be taken as discontinued under section 1716 of the Code, no good cause having been shown for the failure. Indeed, all the other causes appear to have originated in evident mistake, as to the contents of the notice and petition. There are no such variances as are suggested, nor, so far as we can see, the least pretence for such motion in this respect. And the only question that does arise, is as to the effect of filing the petition on the day after the time fixed in the notice. Section 1715 of the Code provides, that the original notice must inform the defendants that on or before a certain day therein named, a petition will be filed, &c. Then, by section 2518, in which a form is given for the original notice, it contemplates that the notice may inform the defendant, that there is then, that is, at the time of the receipt of the notice by the sheriff for service, or that on or before a day to be fixed, there will be a petition on file. In this case, the plaintiff notifies the defendant, that the petition was then on file, but it was not, in fact, filed until the next day. Section 1716 provides, that if the petition is not filed by the time fixed, or if not filed ten days before the first day of the next term, the action will be deemed discontinued, unless good cause be shown for the failure. The language used in this section is by no means clear. If the filing of the petition ten days before the first day of the term, and after the time fixed in

the notice, obviates the discontinuance spoken of, then the first clause of the section is almost, if not entirely, inopera- tive. If, on the other hand, the petition is so filed ten days before the first day of the term, though after the day fixed by the notice, and such filing would not prevent a discon- tinuance, then the last clause, as we regard, would be en- tirely inoperative. There is a want of congruity and har- mony, indeed, in this section, in any view of it. But, taking the section entire, we think, that if the petition is filed ten days before the first day of the term, though after the time fixed in the notice, it is sufficient. Our law provides for ten days, as the notice that defendant shall have, in order to pre- pare for trial. If he has not such notice, he can, if he de- sires it, have the cause continued. If the petition is on file for that length of time, we think, he is required to take no- tice of it, even if filed after the day specified in the original notice. We think this the most reasonable construction. This will come nearer giving meaning and effect to the whole section, than the opposite construction. By this, it is held to mean just what it says in fact, but by the use of language that is unnecessary, and that leads to confusion. By the other construction, no meaning whatever, is attached to the second clause of the section. The one here given, however, does no more than make the first clause inoperative in many cases, and retains the language entire.

This motion should have been overruled, and the judg- ment is, therefore, reversed.

ISBELL, J., dissented, and delivered the following opinion :

ISBELL, J.—The petition in this case was not filed on the day fixed in the notice, nor on the day of the service of the same. No cause was shown for the failure. The cause was deemed discontinued. Did the court err? I think not. Why? Because the Code provides by section 1715, that the original notice must inform the defendant, "that on or be- fore a certain day therein named, a petition will be filed in the office of the clerk," &c. The form of this original notice, given in section 2518, commences as follows : "You are here-

by notified that there is now [or that on or before the ——— day of —— there will be] on file," &c. Section 1716, provides, "that if the petition is not filed by the time thus fixed, or if not filed ten days before the first day of the next term, the action will be deemed discontinued, unless good cause be shown for the failure." But a majority of the court construes this section to mean only, that if the petition is not filed ten days before the first day of the next term, the action will be deemed discontinued, unless, &c. To this construction, I cannot accede; yet I dissent reluctantly, on account of the high estimation in which I hold the ability of my associates to determine correctly in the premises, and the more so, from the fact of the peculiar advantage possessed by one of them, in becoming familiar with the spirit and meaning of the Code.

It cannot be denied, that the court below, in determining this cause, acted within the letter of the statute. Unless we blot out, and entirely disregard the first clause of section 1716, we must sustain that decision. We should not discard a plain provision of statute, unless its spirit manifestly contradicts the letter. We should so construe statutes, that every part may stand, be operative, and have a meaning, unless, by so doing, we are led to an absurdity so gross, that it forbids the conclusion, that the legislature ever so intended. These are every day rules of construction. To allow courts to construe statutes by any less stringent rule, is to allow them to set up their own notion of what the law *ought* to be, and then warp the statute to sustain that notion. It matters not, whether in my judgment, or the judgment of this court, there is a more reasonable rule, that the *legislature might* have adopted. We have no right to assume legislative functions, and attempt to amend the law, either by blotting out, or adding to it. Our province is to pronounce what the law is, and not what it ought to be.

Before coming to this conclusion, that the legislature has enacted a useless clause in this statute—one that is inoperative, and tends to confusion—I must cast about, to see if some construction may not be put upon it, whereby it may

all stand, without at the same time leading to any such absurdity.   Let us suppose, then, that the legislature intended to provide, what the construction put upon the statute by a majority of this court says it has provided, namely, that unless a petition is filed ten days before the first day of the next term of the court, the cause shall be deemed discontinued, unless good cause be shown for the failure; and to provide in addition to this, that if the petition is not on file on the day fixed in the notice, for having it filed, the cause shall also be deemed discontinued, unless like cause is shown.   In other words, that you may fix the time for filing your petition at any time, provided, that it is ten days before court, but you must have it filed at the time you fix, or show good cause for failing, or your cause will be deemed discontinued. Adopt such a construction, and the statute all stands.   Does this involve any absurdity?   Was it not within the province of the legislature to fix such terms?   Yea; so far from their being unreasonable, are they not consonant with justice and fair dealing?   If I am notified that a petition will be on file against me on a certain day, and no such petition is on file on that day, may I not fairly conclude that the party has abandoned his suit, particularly, if the statute has before announced, that this presumption shall arise?   And if the construction I contend for, is the true one, it has announced that this shall be the presumption.   Is not the day fixed in the notice for filing the petition, in the nature of a rule day of the plaintiff's own selection, on which, if he does not plead, he *should* be deemed in default?   Is there anything unreasonable in requiring that if in default, he should show good cause, before resuming his suit?   So far from being unreasonable, such a requirement is to my mind most consonant with reason and justice.   I conclude, therefore, that the legislature desired to adopt just such a rule.   At least, it is not so *unreasonable* as to involve an absurdity so gross, as to forbid the conclusion that it so intended.   I cannot, therefore, concur in the construction which abrogates the first clause of this section of the statute.

*Quere?*   What in the nature of things, would be a good

cause, if the defendant is notified that there is a *petition now on file*, and none is in fact filed?

Judgment reversed.