Hudson v. Blanfus.

---

HUDSON v. BLANFUS <em>et al.</em>

22 323<br>89 484

I. Per COLE, J., LOWE, Ch. J., and DILLON, J., concurring.

1. Pleading and practice: TIME OF FILING PETITION. The petition, in an action in the District Court, must be filed by the date fixed in the original notice, or the action will be discontinued. Rev., 1860, § 2813.

II. Per WRIGHT, J., dissenting.

2. —— The failure to file the petition by the date fixed in the notice should not operate to discontinue the cause, if the plaintiff shows such failure to have been unintentional, and rebuts the presumption of his abandonment of the action. In such case, and subject to the question of costs, the cause should be retained in court, and such order made as the circumstances and the very right of the matter may dictate.

<em>Appeal from Bremer District Court.</em>

THURSDAY, JUNE 13.

PETITION in trespass. The District Court discontinued the action, and struck the cause from the docket.

The plaintiff appeals. The further facts are stated in the opinion.

*Wright & Stone,* for the appellant.

*Ruddick & Avery,* for the appellees.

COLE, J.—The original notice in this action was placed in the hands of the sheriff for service on the twentieth day of November, 1866, and was personally served upon the defendants on the same day. The notice stated "that there will be on file in the office of the clerk of the District Court of Bremer county, Iowa, on or before the 20th day of December, A. D. 1866, a petition of the plaintiff, etc., etc." The petition was not filed until the 27th day of December, 1866. The term of court for Bremer county, next succeeding the service of notice, began and was held on the 21st day of January, 1867. On the second day of the term, as the record states, "this cause, coming on for hearing is discontinued by order of the court, to which ruling the plaintiff excepted." On the next day the plaintiff filed a motion to redocket the case, because, first, there was no motion filed by the defendant to dismiss the action; second, there was no prejudice shown to the defendant by reason of the petition not being filed at the time stated in the notice; third, the order to discontinue was contrary to statute. The court refused this motion and the plaintiff again excepted. The correctness of these rulings is the only question for us to decide.

By the Code of 1851, it was enacted (§ 1716): "If the petition is not filed by the time thus fixed, or if not filed ten days before the first day of the next term, the action will be deemed discontinued, unless good cause be shown for the failure." Under this section, it has been several times held by this court that if the petition was

*Marginal note:* 1. PLEADING AND PRACTICE: time of filing petition.

filed by the time fixed in the notice *or* ten days before the first day of the next term, it was in either case, sufficient. *McCaffrey* v. *Guesford*, 1 Iowa, 80; *Chever* v. *Lane*, 3 Id., 296; *Anderson* v. *Kerr*, 10 Id., 233; *Sweet* v. *Porter*, 12 Id., 387. If the law was the same now as in the Code of 1851, the ruling of the District Court, being in conflict with the cases above cited, would be erroneous.

The question then is, whether the Code of 1860 is the same in substance in this particular, or different from the Code of 1851. The Code of 1860, like that of 1851, provides that the original notice must inform the defendant that on or before a day named therein, the petition will be filed. The Code of 1860 then provides, in lieu of the section quoted *supra* (Rev., § 2813): "If the petition is not filed by the date thus fixed, and ten days before the term, the action will be deemed discontinued."

The language of this section is different from that of the corresponding section, quoted above from the Code of 1851. This difference of language fairly construed conveys a substantially different meaning. And since the commissioners who prepared the Code of 1860, as well as the legislature which adopted it, had before them the judicial construction of the language of the Code of 1851, as contained in the first three cases above cited, and, in view of such construction selected different language, it is very legitimate to conclude that they intended a change of the rule or law in such cases, and for that reason employed the different words to express it. See Code of 1851, section 1715, and *Butcher* v. *Brand* (6 Iowa, 235), construing it; and compare with section 2812, of Code of 1860, and the *Des Moines Branch of the State Bank* v. *Van* (12 Iowa, 523), and *Decatur County* v. *Clements* (18 Id., 536), construing it.

The Code of 1851 required the petition to be filed by the time fixed in the notice, *or* ten days before the next

term (either would be sufficient), and made the discontinuance, or failure to do so, to depend on the want of good cause therefor, while the Code of 1860 requires the petition to be filed on the day fixed in the notice *and* ten days before the term (both are required), and makes the discontinuance on failure *so to do unconditional, and not* subject to the showing of good cause. The difference of meaning, conveyed by the two sections, is clear, certain and substantial; it is not merely verbal. Under the Code of 1860 (Rev., § 2813) it is necessary to file the petition by the time fixed in the notice and ten days before the term, and on failure so to do, the action will be deemed discontinued. This is the plain meaning, and to enforce it according to the letter can work no material prejudice to any party. The plaintiff has the right to fix the time himself for the filing of his petition, and he may well be required to comply with his own terms. If he fails to comply with his notice and his action is discontinued, he may again begin his action without prejudice from the discontinuance of the first. If the time specified by the statute of limitations has run so long as to bar the second action, and not the first; yet, if the failure to file the peition in proper time was for good cause and not from negligence, the statute would not bar the second, since, by Revision, section 2749, it would " be deemed a continuance of the first."

The language of the section is reasonably plain and certain, and no prejudice can happen to a plaintiff by requiring him to comply with it. There was, therefore, no error in the ruling of the District Court in discontinuing the action, or in refusing the motion to redocket the cause.            Affirmed.

WRIGHT, J., *dissenting.*—The original notice " must inform the defendant that, on or before a date therein named,

a petition will be filed," etc. "If the petition is not filed by the date therein fixed, *and* ten days before the term, the action will be deemed discontinued." §§ 2812, 2813. This last section takes the place of section 1716 of the Code of 1851, using *and* for *or*, after the word "fixed," and omitting the words, "unless good cause be shown for the failure." And now the question is, suppose the petition is not thus filed, does the failure operate *absolutely* and unconditionally to discontinue the action. The foregoing opinion gives the statute this construction, and in it I cannot concur.

In my judgment this holding is at war with all those provisions of our Code of civil practice (to be found on almost every page) which allow amendments, relieve parties as to time and manner of pleading, at the earliest moment possible, from the consequences of mistakes, oversights, accident or misfortunes, and retains their causes upon proper terms as to costs, so long as they have an apparent substantial ground for relief. Then, too, it gives but little if any—or if any, an improper effect to the word "deemed." The statute is not that the action will *thereby*, or as a *consequence*, or *from that time*, be discontinued. The meaning is that a defendant, or the court if nothing further is done, may *conclude* or *presume* or *regard* that plaintiff has abandoned his action. Suppose this petition is filed the next day, however, and defendant is at once advised or has immediate knowledge of it, and the most abundant cause is shown for the omission, can the court any longer regard the action discontinued; and should the plaintiff, at the hazard of losing possible securities, and, may be, of being barred of his action by the operation of the statute of limitations, be compelled to commence a new action, when the defendant has possibly been neither surprised nor prejudiced? This, however, would or might be the result of the foregoing holding.

And yet we are positively required to construe the provisions of this Code and all proceedings under it, liberally, and with a view to promote its object, and assist parties in obtaining justice. § 2622.

Now, I concede that, if a defendant should not appear, and the petition is filed after the date fixed in the notice, it would be the duty of the court to refuse a default; for the defendant was not bound to know that it was thus filed. If, however, the plaintiff has shown diligence, and rebuts all presumption of intention to trifle with the court or its powers, then let the cause be continued that defendant may be notified, but do not discontinue; for plaintiff shows in such a case affirmatively, that he has *not* abandoned the action; that it should *not* be "*deemed discontinued.*" And so, if defendant should appear and claim anything for such failure, let the cause be continued or otherwise disposed of according as the circumstances and the very right of the matter may dictate. These views are in accordance with the whole spirit of our practice; harmonize with the language of the section under consideration, while those of the majority deny that a party shall be heard, whatever his excuse, and though the defendant has been neither surprised nor injured. For these reasons, without extending the argument, I do most respectfully dissent from the foregoing opinion.