## Smith Bros. et al v. Shaw et al.

1. **Practice**: FILING OF PETITION BEFORE NOTICE.. If a petition be on file at the time the original notice is in fact served, the action will not be deemed discontinued because the petition was not filed at the time specified in the notice.

*Appeal from Poweshiek District Court.*

WEDNESDAY, OCTOBER 23.

On the 2d day of August, 1872, the plaintiffs filed their petition in the Poweshiek District Court, alleging that the defendant A. Shaw, with his own money, purchased certain real estate and caused it to be conveyed to his minor sons, O. E. and L. C. Shaw, for the purpose of hindering and delaying creditors, and praying that the minor defendants may be decreed as holding the legal title in trust for the defendant, A. Shaw.

On the 10th day of August, 1872, the defendants were personally served with notice of this action in Republic county, Kansas, and the return was made September 23, 1872. The notice thus served states that a petition will be filed on or before the 1st day of August, 1872.

On the 10th day of September, 1872, there was made and filed in the office of said clerk an affidavit for notice by publication, and it was ordered that notice be given by publication in the Montezuma Republican, which was done, the last publication being on the 2d day of October, 1872. This notice states that a petition is now on file.

On the 10th day of December, 1872, a guardian *ad litem* was appointed for the defendants O. E. and L. C. Shaw, and he filed an appropriate answer.

On the 10th day of December, 1872, the cause was referred to Matt. Phelps, who commenced the trial, when, by consent of

parties, the cause was adjourned to the April Term, 1873, of said court.

On the 18th day of January, 1873, the plaintiffs filed an amended petition, making other judgment creditors of A. Shaw plaintiffs to the action, and asking that their rights and interests be adjudicated.

On the 6th day of February, 1873, notice of this amendment was duly served personally upon the defendants in Republic county, Kansas.

On the 12th day of April, 1873, the referee made his report, upon which a decree was entered in favor of plaintiffs, subjecting the land in controversy to the payment of their judgments, and the lands were subsequently sold for the payment of the claims of Smith Brothers, and of C. M. Aiken, who were decreed to be the superior lien holders.

On the 5th day of April, 1875, the defendants O. E. and L. C. Shaw filed their motions for re-trial, upon the ground that they were served with notice of the pendency of the action by publication only. The court overruled these motions, and refused to grant a re-trial of the cause.

The defendants O. E. and L. C. Shaw appeal.

*W. R. Lewis,* for appellants.

No argument for appellees.

DAY, J.—Appellants insist that as the notice which was personally served stated that a petition would be on file on or before the first day of August, and the petition was not filed until the second day of August, the cause must be regarded as discontinued under this notice, and that the only notice of the pendency of the action is the one served by publication. See Code, § 2600; *Hudson v. Blanfus,* 22 Iowa, 323. But in this case the notice was not served until the 10th day of August, 1872, eight days after the petition was filed. No possible prejudice could have resulted to the defendants from the fact that the petition

1. PRACTICE: filing of petition before notice.

was not filed at the time named in the notice. As this time had passed before the notice was served, the statement in the notice is equivalent to one that a petition is now, at the time of serving the original notice, on file. This case is unlike *Hudson v. Blanfus*, 22 Iowa, 323, and the other cases in which it has been held that the action will be deemed discontinued if the petition be not filed by the time named in the notice. It is urged by appellant that the plaintiffs must have deemed the case discontinued, inasmuch as they proceeded to procure further notice by publication. It is to be observed, however, that the order for publication was procured before the return was made to the personal service. Plaintiffs may have taken steps to procure service by publication in ignorance of the fact that personal service had been obtained. The service, we think, was personal, and the defendants were not entitled to a re-trial as parties served by publication only.

AFFIRMED.

SEEVERS, J., having been of counsel, took no part in the decision of this case.