OLIVER & MILLER, Appellees, v. S. T. DAVIS *et al.,* Appellants.

1. **Mechanic's Lien :** ORIGINAL NOTICE : PETITION.   Where the original notice in a cause is served by publication, the failure to file the petition until after the time stated in the notice will not invalidate the service thereof if the filing of the petition precedes the first publication of the notice.

2. ———— : LEASEHOLD INTEREST IN LAND : FORFEITURE. Under an agreement for the lease of a vacant city lot providing that, in case of default in the payments to be made by the lessee, the lessor might consider the agreement at an end, and the premises and all the improvements made thereon shall thereupon revest in the lessor, one who, with notice of such agreement, supplies the lessee during his term with materials for the erection of a dwelling-house upon the leased premises will, in the event of a forfeiture under said agreement, be entitled to a mechanic's lien upon such dwelling as against the lessor or his grantees.

3. **Practice in Supreme Court.**   Errors which are only indefinitely suggested by counsel upon appeal will not be considered by the supreme court.

*Appeal from Woodbury District Court.*—HON. GEO. W. WAKEFIELD, Judge.

THURSDAY, OCTOBER 23, 1890.

ACTION in equity to establish and enforce a mechanic's lien.   There was a trial upon the merits, and a decree in favor of plaintiffs.   The defendant, S. T. Davis, appeals.

*J. P. Blood*, for appellants.

*Marks & Mould*, for appellees.

ROBINSON, J.—On the twenty-ninth day of April, 1884, the defendant, S. T. Davis, entered into an agreement in writing with his codefendant, G. S. Martin, for

the sale of lot 5, in block 32, in Davis' addition to Sioux City. Martin paid ten dollars on the agreement, and made and delivered to Davis his five notes for forty-eight dollars, each payable in monthly installments of four dollars each. Davis gave to Martin a bond for a deed which provided that time should be of the essence of the agreement, and that in case of default in the payments to be made by the terms of the agreement, or in any of them, the obligor might elect to consider the agreement at an end, and that in such case the obligee should be considered a tenant at will holding over after the termination of his lease, and should forfeit all payments and improvements made, and the premises should revert to and revest in the obligor. The bond also contained a provision as follows: "And it is expressly agreed that under this agreement the interest of the obligee in said premises shall be only a leasehold interest until deed is made thereunder, and shall not be subject to any mechanic's lien or other lien by reason of any act of said obligee." The first payment provided for by the agreement, after the first one of ten dollars, was due on the twenty-ninth day of May, 1884, but was never paid, and no further payments have been made. On the thirtieth day of June, 1885, plaintiff made a verbal agreement with Martin to furnish certain lumber, and other material for use in the construction of a dwelling-house on the lot in question, and the material so contracted for was delivered on the lot during that day and the day next following. At the date of the trial in the district court there was due and unpaid on account of such material the sum of one hundred and thirty-eight dollars and fifty-eight cents. Martin absconded before the building was completed, and the plaintiffs took possession and removed the material not used, which they had delivered, and on the seventeenth day of July, 1885, filed a statement for a mechanic's lien for the amount due. On the fourteenth day of July, 1885, Davis took from Martin a bill of sale of the building for the purpose of securing a loan of one hundred dollars, on condition that the sale should be absolute if the

loan was not repaid within thirty days.   After Martin left, Davis entered on his books a declaration of forfeiture of the agreement to convey.   In June, 1886, Davis sold the house and lot to one Koser, and gave him a bond for a deed.   He now contends that plaintiffs acquired no right to a mechanic's lien which they can now enforce against the lot or the building.   The district court established the lien of plaintiffs against the dwelling for the amount found to be due and costs, subject, however, to such rights in Koser and wife as might thereafter be found to be paramount to the lien of plaintiffs, and the cause was continued for the purpose of bringing Koser and wife into court.

I.   The defendant Martin was served with the original notice of this action by publication.   The first 1. MECHANIC's publication was made on the fifth day of lien: original notice: peti- May, 1887.   The notice stated that the tion. petition would be filed on or before the twenty-seventh day of April, 1887, but it was not in fact filed until the twenty-eighth day of that month. Martin did not appear to the action.   The court found that he had been duly served with notice, and adjudged him in default.   Appellant insists that the serving of notice was insufficient to give the court jurisdiction to enter a default against Martin, and that the case should have been treated as dismissed as to Martin under the provisions of section 2600 of the Code.   The petition was on file, however, before the first publication of the notice, and the case is thus brought within the rule announced in *Smith v. Shaw*, 49 Iowa, 294, where service in such cases after the petition was in fact filed was held to be sufficient.

II.   It is claimed by appellant that the plaintiffs could acquire no right to a mechanic's lien as against 2. ——: lease- Davis and his grantees, for the reason that hold interest in land: for- the agreement of sale prohibited it, and feiture. provided that in case of an election to terminate the agreement the improvements placed upon the lot were to be forfeited to Davis.   There was a

default in payment and an election to cancel the agreement, and we are required to determine their effect upon the interest of plaintiffs. The statute provides that every person who shall furnish materials for any building or other improvement upon land, by virtue of a contract with the owner, shall have a lien upon such building or other improvement, and upon the land belonging to the owner upon which it is situated. Acts of 16th Gen. Assem., ch. 100, sec. 3. Section 10 of that act provides that every person for whose immediate use or benefit such building or other improvement is made, having the capacity to contract, shall be included in the word "owner" thereof, and section 4 provides for the case of an owner who has only a leasehold interest in the land. The agreement in question did not prohibit the making of improvements, but evidently contemplated that they might be made. It provides that the interest of Martin should be a leasehold interest until the deed should be made. It thus appears that the interest of Martin in the lot was sufficient to support a mechanic's lien in favor of the plaintiffs, unless the provision in the agreement that it should not be subject to any mechanic's lien had the effect to prevent it.

It may be conceded for the purposes of this case that the plaintiffs were bound to take notice of the actual interest which Martin held in the land, and of the limitation upon his power to make contracts for improvements which would entitle them to a lien. It was the right of Davis to contract for the sale of the lot on such conditions as would secure the payment therefor, and prevent the placing of incumbrances thereon until the purchase price should be paid. What was the purpose of the agreement in question? Certainly not to prevent the making of improvements. In terms it created a leasehold interest. Section 4 of the Acts of the Sixteenth General Assembly, already referred to, provides for establishing liens on improvements on land held by the owner under a lease, and expressly provides that the lien shall not be impaired by a forfeiture of the lease "for the non-payment of rent or for non-compliance

with any of the other stipulations therein," so far as the lien concerns the improvements. Improvements thus made could be forfeited by the lessee only so far as they belong to him, and if they were subject to a valid lien the forfeiture would not affect the lien. The purpose of the provision of the agreement under consideration in regard to forfeiture and liens was, undoubtedly, to secure the performance of the agreement on the part of the obligee, and to secure the obligor against loss in case of a failure to perform. In view of the statute and the language of the agreement we conclude, that the interest contemplated by the provision against liens is that created by the agreement, and that it does not include improvements which the obligee should make. This view is strengthened by the fact that the dwelling in question was built upon blocks, and that it was treated as distinct from, and not a part of, the lot by the parties to the agreement in the giving of the bill of sale. We conclude that plaintiffs are entitled to a lien against the dwelling. Whether the parties could have so contracted as to prevent the establishing of a mechanic's lien as against the improvements is a question we do not find it necessary to determine,

III.   Appellant suggests defects in the affidavit for publication of the original notice and in the statement for a mechanic's lien, but does not point them out. It is not our custom in cases of this kind to search for errors which counsel do not specify. Our examination of the record leads to the conclusion that the decree of the district court is in harmony with the law and the evidence. There is no ground for complaining of the continuance of the case for the purpose of bringing Koser and wife into court that their interests might be settled.

3. PRACTICE in supreme court.

The decree of the court below is AFFIRMED.