CEDAR RAPIDS SASH & DOOR COMPANY, Appellant, v. DUBUQUE REALTY COMPANY et al., Appellees.

MECHANICS' LIENS: Right to Lien—Repairs by Lessee. A materialman who has furnished materials for the repair of a building under a contract with the lessee may not establish his lien against the *owner* on a showing (1) that the owner had, in good faith, imposed upon the lessee, when the lease was made, the burden of making all repairs, and (2) that later, the owner had agreed to give, and had given, the lessee a named credit on the rent, by reason of said repairs.

*Appeal from Linn District Court.*—F. L. ANDERSON, Judge.

APRIL 3, 1923.

SUIT in equity, for the foreclosure of a mechanics' lien for certain materials furnished by plaintiff for the alteration of a building owned by the defendant Groeltz. The said Groeltz is the only defendant who presents a defense. The trial court dismissed the petition, and the plaintiff appeals.—*Affirmed.*

*C. W. Bingham,* for appellant.

*Barnes, Chamberlain, Hanzlik & Thompson,* for appellee.

EVANS, J.—Though there is little dispute in the salient facts, yet one disputed fact presents the crux of the case. The issue, therefore, is a very narrow one. The defendant was the owner of a building situated upon one of the business streets of Cedar Rapids. He rented it by written lease to certain five defendants, who formed a partnership under the name of the Hawkeye Lunch, and who proposed to use the building and did thereafter use the same as a restaurant or lunch room. The building needed more or less overhauling, in order to render it suitable for that purpose. The lease expressly provided that the lessees took the same in its then present condition, and agreed, in substance, to make all changes and repairs at their own expense. Wall, one member of the partnership, was a con-

tractor, and, by arrangement with his copartners, he undertook the work of overhauling the building. Sometime after the lease was executed, further negotiations were had with defendant Groeltz on the subject of repairs and alterations, whereby he voluntarily agreed to assume a part of that burden. The real form of that oral agreement is the disputed question of fact. The evidence for the plaintiff was that Groeltz agreed to *pay* $1,500 of such expense. The evidence for the defendant was that he agreed to allow a credit to that extent on the rent to accrue under the lease. The plaintiff furnished material of various kinds, amounting to about $1,557. This was all charged to the lessees. $626 of this amount was for benches and tables, to be used by the lessees. These were charged for by the plaintiff in the same account as was the other material. It concedes that it was entitled to no lien or claim against Groeltz for such tables and benches. It claims a lien for the balance, of $931. The lessees made payments amounting to $600. These were made on the general account. They appear to have been so credited on the plaintiff's books. It claims the right, however, to apply them upon that part of the account covering the tables and benches. The lessees became insolvent within a few months after launching the business. The lease and property rights to furniture and fixtures were sold at receiver's sale, and the purchasers thereof became their successors in the same business. They had paid no part of their rent to Groeltz. They were indebted to him therefor for more than $1,500.

The burden was upon the plaintiff to prove either an express contract with or on behalf of defendant Groeltz, or else to prove such a state of facts as would give rise to an implied contract with him. Plaintiff does not claim to have had an express contract. It does claim that the facts warrant the finding of an implied contract. These alleged facts are: (1) That Groeltz knew that the plaintiff was furnishing the material; and (2) that he had agreed with his lessees to pay $1,500 of the costs of the alterations.

The fact, if such, that Groeltz knew that the plaintiff was furnishing the material is not, of itself, controlling. He necessarily knew that somebody was furnishing it. This did not deprive him of the right in good faith to enter into a contract with

his lessees, in the first instance, that all alterations should be made by them at their own expense; nor did it forbid that he should later consent to give them a credit upon the rent to the extent of $1,500 of such expense. If such agreement had been that he would *pay* $1,500 of such expense, a somewhat different question would be presented, in that an agreement in such form might be deemed to imply authority in the lessees to bind him to such extent in the purchase of materials from the plaintiff. The trial court found against the plaintiff upon the facts at this point. We think that such finding is consistent with the conduct both of Groeltz and of the lessees. There is no evidence of collusion, nor is there any evidence that plaintiff was in any manner misled. Its own conduct furnishes no indication that it was relying at any time upon the credit of Groeltz. The quick insolvency of this new firm seems to have been a surprise both to the plaintiff and to this defendant. Counsel for the plaintiff recognizes the unsatisfactory state of the evidence in behalf of the plaintiff on the disputed question of fact. He contends, however, that the larger equity is strongly in favor of plaintiff, in that the materials furnished by the plaintiff have *pro tanto* increased the value of defendant's property, and that the defendant is necessarily the beneficiary thereof. This would be an appealing equity, were it not for the fact that the full cost of such improvement has been borne by the defendant, in the form of credit upon unpaid rent. The litigants constitute the two innocent parties, one or both of whom must necessarily suffer. We see no proper ground for our interference with the finding of the district court. The decree entered below is, therefore,—
*Affirmed.*

PRESTON, C. J., ARTHUR and FAVILLE, JJ., concur.