QUEAL LUMBER COMPANY, Appellee, v. CARL LIPMAN et al., Appellants.

**MECHANICS' LIENS:** Enforcement—Improvement by Tenant—Sale and Removal. A mechanic's lien may not be enforced against a tenant's leasehold interest and against the improvement erected by him, other than by a sale of the leasehold interest and the improvement as a whole,—as a unit,—when the improvement was erected by the tenant under a specific agreement that the improvement should, upon the termination of the lease, become the property of the lessor. In other words, the improvement may not be separately sold and removed.

FAVILLE, C. J., and VERMILION, J., dissent.

Headnote 1: 27 Cyc. p. 444.

*Appeal from Polk District Court.*—LESTER L. THOMPSON, Judge.

DECEMBER 15, 1925.

PLAINTIFF and interveners sought foreclosure of mechanics' liens, which was granted. From a judgment awarding the same, defendants appeal.—*Modified and affirmed.*

*H. L. Bump*, for appellants.

*Gillespie & Canfield*, for Queal Lumber Co., appellee.

*Carl Missildine*, for W. E. Daggett, appellee.

ALBERT, J.—The appellant Graeser is the owner of a quarter section of land situated adjacent to the White Pole Road, west of the city of Des Moines. On the 17th day of May, 1923, he entered into a lease with one Lipman for about one acre of ground in the southwest corner of said quarter section, the lease to run for a period of 25 years, at an annual rental varying during the term thereof. The lease required the lessee to pay all taxes levied against the premises, provided that said premises should be used for a restaurant and eating house, and also contained the following provisions:

"Lessee agrees to complete prior to August 1, 1923, the construction on the premises herein leased of a building and improvements costing not less than six thousand dollars ($6,000). Neither the lessee nor anyone claiming by, through or under lessee shall have any right to file or place any mechanic's lien of any kind or character whatsoever upon said premises, or upon any of the buildings or improvements thereon, and notice is hereby given that no contractor, subcontractor or anyone else that may furnish any material, service or labor for any buildings or improvements, alteration, repairs or any parts thereof at any time shall be or become entitled to any lien thereon whatsoever. And for the further security of the lessor, said lessee agrees to give actual notice thereof in advance to any and all contractors, subcontractors or other persons, firms or corporations that may furnish any such material, service or labor. At the expiration of this lease, all improvements thereon shall become the property of the lessor."

This lease was filed of record on May 21, 1923, and duly recorded in the office of the county recorder of Polk County, Iowa. Lessee took possession of the premises at or about said time, and proceeded to erect the building and improvements called for by the terms of the lease. No labor or materials were furnished by any of the claimants herein prior to the date of the recording of the said lease.

The appellee and interveners filed their respective claims for mechanic's liens within the time and in the manner provided by statute. No question is raised as to the correctness of the liens or the filing of the same. The question as to the acknowledgment of the liens will be disposed of later.

The lessee, after the completion of the building, occupied it for a short period, and then abandoned the same and absconded. The district court held that the improvements were separate from the realty, and ordered the same sold separately and removed from the premises. From this judgment, appeal is taken.

Of the real questions involved in this case, the first urged is, What is the effect of the provisions of the lease, as against a mechanic's lien? To a fair comprehension of this question, it is necessary to first determine the status of the appellant Graeser under this lease. He was and is the fee title holder. The 25-year lease was an estate carved out of the fee-simple title. It is too elementary to need discussion that the lien claimants cannot acquire a greater interest in the real estate than that held by the lessee. The lessor, aside from receiving the annual rental and having the taxes paid on the leased property, under the terms of the lease was, day by day, acquiring a larger interest in the improvements put upon the property. If the judgment of the lower court is to stand, it amounts in reality to an abrogation of the lease contract, and deprives the lessor of all of his valuable rights under the terms of his contract. As said, after he had day by day acquired an interest in the improvements put upon the property, the decree of the district court would appropriate his interest in the improvements, for the benefit of the lien holders. This is neither law nor equity.

In the making of this lease between the lessor and the lessee, they had the right to provide any terms and conditions they might determine upon, and to place the same in the lease contract, as long as such terms and conditions were not unlawful. To hold otherwise would be to infringe upon the right of private contract. We are unable to find anything in the terms of the lease which could not be the subject of lawful contract between these parties. Having thus made a lawful contract, the lessor proceeded at once to file and record the same.

Section 2925, Code of 1897, provides:

"No instrument affecting real estate is of any validity against subsequent purchasers for a valuable consideration, without notice, unless recorded in the office of the recorder of the county in which the same lies."

As heretofore explained, the lessor, being not only the holder of the fee and reversionary interest, but having a definite and fixed interest in the improvements themselves (which, under the contract of the parties, were undoubtedly of a permanent nature, and therefore a part of the real estate), had a right, under the aforesaid section, to record this instrument.

Much attention has been given by counsel and the court to the question of the recording of this lease; but we do not determine the effect thereof, because the question subsequently discussed herein is controlling in this particular case. We call attention, however, to *Maine v. Constantine*, 157 Iowa 625, and *Loser v. Plainfield Sav. Bank*, 149 Iowa 672.

We have settled that a mechanic's lien claimant is not a subsequent purchaser, within the meaning of the Recording Act. *Fletcher v. Kelly*, 88 Iowa 475. It being thus settled that the mechanic's lien holders are not subsequent purchasers, they then stand in the shoes of Lipman herein, and, as heretofore said, their rights cannot rise higher than his, as against the lessor. *Marker v. Davis*, 200 Iowa 446.

It is fundamental, under the Iowa Mechanic's Lien Law, that, before one can successfully maintain a lien, he must have a contract with the owner, his agent, trustee, contractor, or subcontractor. It is so provided by Section 3089, Code of 1897, and we have repeatedly held that, without a contract with the owner, no lien can be maintained. *Redman v. Williamson*, 2 Iowa 488; *Wilkins v. Litchfield*, 69 Iowa 465; *Carney v. Cook*, 80 Iowa 747; *Littleton Sav. Bank v. Osceola Land Co.*, 76 Iowa 660; *Templin v. Chicago, B. & P. R. Co.*, 73 Iowa 548.

There is no claim whatever made herein (it would not be available, if made) that the lien claimants had any contract whatever with the lessor, Graeser. It must necessarily follow, therefore, that claimants can enforce nothing against Graeser's interest in this property. It is suggested that, because the lease contemplated the making of these improvements, it could be held that Lipman was Graeser's agent, within the

meaning of the statute; but this cannot be so held in the instant case, because the lease specifically provides otherwise, and the cases cited by the lien holders herein to support this doctrine are all cases wherein the facts are such that the court could imply the agency. As supporting this doctrine, see *Stewart v. Talbott*, 58 Colo. 563 (146 Pac. 771), and cases there cited; *Cedar Rapids Sash & Door Co. v. Dubuque Realty Co.*, 195 Iowa 679; *Merrill v. Brant*, 175 Mich. 182 (141 N. W. 550). For a case identical in fact and reaching the same conclusion, see *Turner v. Miller* (Tex. Civ. App.), 255 S. W. 237.

It therefore follows that a lien claimant herein could acquire nothing, as against the rights of the lessor, Graeser, in this land and the improvements placed thereon. The most that the lien claimant can acquire is a claim against the full interest of the lessee, Lipman, in this property, with the improvements thereon; and, as held by the lower court, lien claimants were entitled to a foreclosure of their lien against Lipman's interest in the property and improvements.

It is quite apparent, however, that the lower court erred in holding that the improvements could be severed from the real estate without damage to the lessor, because, as heretofore explained, the lessor had acquired specific interest in the improvements that were put upon the place. To sever the improvements from the real estate, as held by the lower court, would be to deprive the lessor of his right, and to sacrifice his property to claimants who had no claim whatever against him or his property. Therefore, the lower court erred in holding that the improvements were severable. We hold that the lien claimants were entitled to foreclosure of their lien and a sale of Lipman's interest in the property, to satisfy their claim, but that the improvements and the leasehold interest of Lipman must be sold together, and that the improvements cannot be removed from the present location. Claimants may have an order made in the district court in accordance herewith, or, on application, may have a decree in this court in accordance with this holding.

One more question is raised herein as to the acknowledgment attached to the lease in controversy. We do not deem a

defect of such character of material importance to the case, and therefore give no attention to it.—*Modified and affirmed.*

EVANS, STEVENS, DE GRAFF, and MORLING, JJ., concur.

FAVILLE, C. J., (dissenting). I cannot concur in the conclusion of the majority. The owner of the premises and the tenant entered into a written contract, by the terms of which the lessee agreed to erect certain improvements, the ownership of which was to vest in the lessor ultimately. Appellees furnished the material for such improvements. Under such a contract, requiring the lessee to make improvements for the ultimate benefit of the lessor (owner), I do not believe, as stated by the majority, that " it is too elementary to need discussion that the lien claimants cannot acquire a greater interest in the real estate than that held by the lessee." Their interests are altogether different from those of the lessee. Conceding that a lessee may be deemed "an owner," within the contemplation of the mechanic's lien statute (Code of 1924, Section 10270), and that he may do such acts as create a mechanic's lien against his leasehold interest in the premises, it does not follow that the lien claimants in the instant case are limited to a lien against merely the leasehold interest of the tenant. This is for the very obvious reason that the contract of lease required the tenant to make the improvements *for the benefit of the lessor.* A homely illustration will convey my thought. If the contract of lease is silent, and the tenant builds a corncrib on a leased farm for his own use, the lien claimant could have a lien on the improvement and the leasehold interest of the tenant. The landlord would not be affected by such an arrangement. But suppose the lease *bound* the lessee to build the crib and to leave it there for the benefit of the landlord and the improvement of the premises, could it be said that the lien did not attach to the landlord's interest in the premises, as well? If not, then a door for fraud has been opened, in direct contravention of the mechanic's lien statute, as I view it.

If the majority are right, all a landlord needs to do is to lease his premises to an insolvent tenant, and bind him by contract to erect valuable improvements on the premises, and when

in due time the tenant absconds, and forfeits his lease, the landlord will hold the improvements, free from any mechanic's lien.

To adopt the declaration of the majority, "*this* is neither law nor equity." We have never so held before. We should not announce it now.

We have frequently held that, when a vendor by specific provision in a contract of sale contemplates or requires the vendee to erect improvements upon the premises, a mechanic's lien attaches to the premises, which may be asserted against the vendor's interest therein. See *Jameson & Sons v. Gile,* 98 Iowa 490; *Kimball Bros. Co. v. Fehleisen,* 184 Iowa 1109; *Partello v. White,* 197 Iowa 24; *Veale Lbr. Co. v. Brown,* 197 Iowa 240; *Nunemaker v. Kulhavy,* 197 Iowa 962; *Schoencman Lbr. Co. v. Davis,* 200 Iowa 873, and cases cited therein.

I see no good reason why the same rule as to improvements placed on the premises under contract should not apply between landlord and tenant, as between vendor and vendee. In the instant case, the landlord, by his contract, required the tenant to put the improvements on the premises, and provided that they should become the landlord's property and remain thereon at the termination of the lease. Under such circumstances, I confess I am at a loss to understand how it can be held that the lessor "had acquired specific interest in the improvements that were put upon the place" under the contract, and yet that the claimants who furnished the material for such improvements "can enforce nothing against Graeser's [the landlord's] interest in this property." The positions are wholly inconsistent, as I view it.

We had a similar situation in *Denniston & Partridge Co. v. Brown,* 183 Iowa 398. There a tenant had authority to make repairs and improvements under the terms of a lease. The permanent improvements were to revert to the owner at the termination of the lease. Speaking through Mr. Justice Gaynor, we said:

"It would open the door to great fraud in practice to allow the owner of property to lease it to another, contract with the other to put on permanent improvements,—improvements that are only valuable when standing upon the property,—and then say that the materialmen and the laborers who place these per-

manent improvements upon defendant's property have no claim against the property, and must go unrewarded if the tenant is insolvent.''

If we were right then, the majority is wrong now. I see no reason to recede from the rule previously announced. I would hold the lien to be valid, not only against the improvement itself, but against the real estate. Appellees have not appealed from the decree establishing the lien against the improvement only, and hence the question of a lien on the real estate is not before us. The improvement can be removed without injury to the freehold.

The only legitimate answer to the position which we have heretofore taken, and which I think we should adhere to, is that, in the instant case, the landlord and tenant agreed between themselves that no mechanic's lien should be filed against the premises. The recording of this lease did not bind appellees. The recording act applies only to ''subsequent purchasers.'' The mechanic's lien claimants are not subsequent purchasers, within the meaning of the recording statute. *Fletcher v. Kelly,* 88 Iowa 475. The rights given to the mechanic's lien holders are purely statutory. A landlord and tenant, or a vendor and vendee, cannot deprive a mechanic's lien holder of his statutory right to his lien, merely by a contract of the kind in question between the parties, even though the same be acknowledged and recorded.

I know of no case in this state or under any statute similar to ours, holding that a provision of this kind in a contract between landlord and tenant, even though duly acknowledged and recorded, imparts constructive notice to one who furnishes material or labor for the erection of improvements upon real estate, so as to deprive the materialman or laborer of his statutory right to a mechanic's lien. Such a contract is valid and enforcible as between the parties, but constructive notice thereof does not deprive a mechanic's lien claimant, who is not in any way a party to said contract, of his statutory right to his mechanic's lien.

The contract of lease required the lessee to construct the improvements in question upon the leased premises, and also provided that all improvements so placed upon the premises

should vest in the lessor at the termination of the lease. The clause in the contract providing that no contractor should become entitled to any lien against the premises certainly did not have for its purpose the prevention of the making of the improvement contemplated. The contract contemplates that the lessee should pay for said improvements in such time and manner as to prevent the filing of a mechanic's lien, and should protect the property therefrom. The breach of such contract leaves the landlord with his remedy against the tenant. But the lienors have not waived any of *their* statutory rights to mechanics' liens, nor are they deprived thereof by any constructive notice of the terms of the lease in question. As bearing somewhat on the question discussed, see *Oliver & Miller v. Davis,* 81 Iowa 287.

I would affirm.

VERMILION, J., joins in this dissent.