PERKINS SUPPLY & FUEL SERVICE, Plaintiff, Appellant, v. ALBERT ROSENBERG et al., Defendants, Appellants, FRANCES KINGMAN et al., Defendants, Appellees, H. W. KRASNE et al., Defendants, BRENTON LUMBER COMPANY, Intervenor, Appellant.

No. 44463.

NOVEMBER 15, 1938.

F. F. Frost, for Perkins Supply & Fuel Service, appellant.

Isador Robinson, for Albert Rosenberg, Esther Rosenberg, Fred Boye, Robert Grund, Hymie Wiseman, Joseph L. Muilenburg, and Brenton Lumber Co., appellants.

Winfield W. Scott, for C. B. Crispin, defendant, appellant.

Guy A. Miller, for F. E. Jackson Sand & Coal Co., defendant, appellant.

McLennan & McLennan, for Frances Kingman, and Jack S. Kingman, appellees.

RICHARDS, J.—On May 1, 1937, defendants Kingman leased certain premises they owned in Polk county to defendants Grund and Wiseman. Soon thereafter these defendant-lessees entered into an agreement with defendant Boye, under the terms of which Boye undertook to and did construct on the leased premises a building consisting of one room, in close proximity to an older building that was on the premises when the lease was made. A short flight of steps, covered with a canopy, afforded access from either building to the other. Plaintiff having furnished materials for the building Boye constructed, and having filed a claim for a mechanic's lien for an unpaid balance of the account, brought this action to foreclose the alleged lien. Two intervenors and two cross-petitioning defendants, who likewise had furnished material or labor for the building and had filed claims for mechanics' liens, sought by appropriate pleadings in this action to have their respective alleged liens also foreclosed. Defendants Kingman filed answers to all these pleadings including plaintiff's petition. Following a trial upon the merits the district court entered personal judgments against the defendant-lessees and defendant Boye in favor of plaintiff and the intervenors and cross-petitioners for the amounts due them respectively upon their accounts. The court also found and decreed that neither the plaintiff, nor the intervenors and cross-petitioners had any right to the establishment of their alleged mechanics' liens as against the real estate of defendants Kingman on which the room was built, and that their claims for mechanics' liens on the real estate were without equity. The plaintiff, intervenors, and cross-petitioners have appealed.

Appellants' complaint on this appeal is that the court erred in refusing to establish mechanics' liens upon the real estate of defendants Kingman for the amounts of the respective judgments that were entered. Whether appellants were entitled to the establishment of such liens appears to have been the only controverted issue in the trial below.

In Queal Lumber Co. v. Lipman, 200 Iowa 1376, 206 N. W. 627, this court said [page 1379 of 200 Iowa, page 628 of 206 N. W.]:

"It is fundamental, under the Iowa Mechanic's Lien Law, that, before one can successfully maintain a lien, he must have

a contract with the owner, his agent, trustee. contractor, or sub-contractor. It is so provided by section 3089, Code of 1897, and we have repeatedly held that, without a contract with the owner, no lien can be maintained."

That such is the law under Section 10271 of the Code of 1935 there can be no question, and appellants so concede. Turning to the record, the evidence is that neither of the defendants Kingman had any communications, negotiations or contracts of any kind, with respect to the building of the room in question, with defendant Boye or with any of the appellants. The appellants make no claim that either of the Kingmans personally made any contract with Boye or appellants. What appellants do claim is that defendants Kingman had made the defendant-lessees the agents of the Kingmans to contract for the construction of the room, or at least the agents of the Kingmans to bind the real estate for the cost of the improvement. Whether the Kingmans had so done makes necessary a review of the evidence.

The real estate in controversy was a rectangular plot in Section 12, Township 79, Range 25, Polk county, Iowa, the dimensions being 92.50 feet by 184.35 feet. It was located on a main highway, known in the record as the Merle Hay road. The lease provided that the premises were to be used "for restaurant and dancing." The term was for one year from May 1, 1937, with an option granted lessees to extend the term for an additional three years. The portion of the lease on which appellants particularly rely, to support their claim that defendants Kingman made the lessees their agents, is the following:

" * * * and it is agreed by and between the parties hereto, that at the commencement of the fourth (4) year, to-wit: May 1st, 1941; or at any time thereafter, the lessees agree to accept and take in as partners the lessors, said lessors to participate in the profits of the business being conducted by the lessees on said premises and to receive as their share one-third (1/3) of the above mentioned profits.

"The lessors consent to the building by the lessees of a room to be attached to the building now on said premises, the lessees to pay for all labor and materials in the construction of same, and to save the lessors from any debt or obligations in any manner whatsoever in the construction of said room. The said

room to become and remain a part of the permanent structure and to become the sole property of the lessors.

"It is hereby agreed by and between the parties hereto, that Robert Grund and Hymie Wiseman, the lessees have the option to purchase the property described in this lease for the sum of Thirty-five Hundred ($3500.00) Dollars at any time during the fourth (4) year of this lease, or at any time thereafter, if the said lease is still in force and effect."

Reading these agreements found in the lease in their entirety, we are unable to discover an appointment of the lessees as agents to bind the lessors or their real estate for improvements the lessees might see fit to make. If it is as appellants claim the landlords consented that they, or their real estate, should be bound in an unknown amount, for there is no limitation in that respect. This has something to do with the reasonableness of manner in which appellants would construe this contract. But a more important consideration, with respect to the contention that the lessors appointed lessees as agents to bind lessors personally or to bind their real estate, is the fact the lease itself provides otherwise. That is, attached to lessors' consent to the building of a room by lessees is this—"the lessees to pay for all labor and materials in the construction of the same, and to save the lessors from any debt or obligations in any manner whatsoever in the construction of said room." The Kingmans had the right, in good faith, to enter into a contract with their lessees that all improvements should be made by lessees at their own expense. To hold otherwise would be to infringe upon the right of private contract. Queal Lumber Co. v. Lipman, 200 Iowa 1376, 206 N. W. 627, Cedar Rapids Sash & Door Co. v. Dubuque Realty Co., 195 Iowa 679, 192 N. W. 801. In Queal Lumber Co. v. Lipman, 200 Iowa 1376, 206 N. W. 627, involving a similar question, there was more than mere consent on the part of the landlord, in that the lease provided specifically, that a building and improvements costing not less than $6,000 were to be constructed by the lessee. But in the lease was also a provision that neither the lessee nor anyone claiming by, through or under him should have any right to file or place any mechanics' liens upon the premises. The following is from the opinion [page 1379 of 200 Iowa, page 629 of 206 N. W.] :

"It is suggested that, because the lease contemplated the

making of these improvements, it could be held that Lipman [lessee] was Graeser's [landlord] agent, within the meaning of the statute; but this cannot be so held in the instant case, because the lease specifically provides otherwise, and the cases cited by the lienholders herein to support their doctrine are all cases wherein the facts are such that the Court could imply the agency.''

No fraud or imposition is even suggested in the record, nor do we discover any additional facts, outside the lease agreement, that warrant a holding that an agency was created. The burden of proof was upon appellants. The trial court rightly refused to establish liens upon the lessors' interests in the real estate. The manner in which the costs were taxed by the trial court is mentioned in appellants' argument. But the record is such that we are unable to review the discretion the trial court exercised. The judgment and decree from which the appeal was taken is affirmed.—Affirmed.

SAGER, C. J., and HAMILTON, DONEGAN, MITCHELL, KINTZINGER, and ANDERSON, JJ., concur.