SWEET v. PORTER *et al*.

12   387<br>127   474

1. STATUTE CONSTRUED. Chapter 43, Laws of 1860, "An act to regulate the foreclosure of mortgages," extended the time for answering in

---

(1.) A petition for re-hearing was filed in this case, but was overruled by the votes of LOWE, C. J. and BALDWIN J.

mortgage cases nine months after the first service, but in no event beyond the 1st day of January, A. D. 1861.

*Appeal from Johnson District Court.*

.THURSDAY, DECEMBER 5.

PROCEEDING to foreclose a mortgage, commenced in August, 1860, decree *pro confesso* entered in March, 1861, from which defendants appeal.

*Fairall & Boal* for the appellants.

I. The court had no jurisdiction of the defendants. The notice stated that the petition was then on file, when in fact there was none filed for some days thereafter. The point is held otherwise in *McCaffrey* v. *Guessford*, 1 Iowa 80; but we trust this court will adopt the views of ISBELL, J., as expressed in the dissenting opinion in that case.

II. Granting that appellants were duly notified, nine months had not elapsed since the date of the service of the notice. Chapter 43, acts of the 8th General Assembly, approved March 21st, 1860.

*John C. Henley* for the appellee.

WRIGHT, J.—The point most relied upon by appellants involves the construction of chapter 43 of the acts of 1860, "An act to regulate the foreclosure of mortgages." The first section of that act provides, that defendants in each cases shall not be held to answer until the expiration of nine months after the date of the service of the original notice on the first defendant served. The second declares that from and after the first day of January, 1861, "the act shall cease to be in force and the class of actions meantime shall be governed by the rules of practice concerning such actions in force at that time."

We think the law intended to extend the time for answer-

ing in mortgage cases nine months after the first service, but in no event beyond the first day of January, 1861. In other words, it was the purpose, in effect, by modifying the remedy to give a stay of nine months in mortgage proceedings, before the entry of the decree; but while this time might expire before, no part of it was to be extended necessarily beyond the time named in the second section. The legislature declared, in substance, a legal amnesty between mortgagor and mortgagee, during the year 1860; but after that time the mortgagor had to answer according to the rules then in force, whether that made it more or less than nine months from the time of service. Under such rules defendants were in default in not answering.

Another point made by appellants is settled against them by the cases of *McCaffrey* v. *Guessford*, 1 Iowa 80; *Cheever* v. *Lane*, 3 Ib. 296. We are still satisfied with the rulings then made.

It does not appear that the testimony is certified to us, and we cannot, therefore, say how far what is claimed to be an indefinite averment in the bill may have been helped out by proof.

Affirmed.