· BROWN v. MALLORY.

1. Jurisdiction: ORIGINAL NOTICE. That the petition in an action was not filed until after the time fixed in the original notice, will not avoid the judgment.

2. Practice: DEMURRER. The objection that a party has an adequate remedy at law, instead of by the present proceeding, which is in equity, cannot be raised by demurrer.

3. —— JUDGMENT ON DEMURRER. If, upon the overruling of a demurrer to the petition, the defendant fails to plead over, a decree may be rendered against him as upon a default.

*Appeal from Tama District Court.*

FRIDAY, JANUARY 29.

THE defendant in this proceeding instituted an action to foreclose a certain mortgage, making plaintiff herein, John Brown, and one John Luscomb defendants. A decree was had, foreclosing said mortgage, at the September Term, 1867, of the Tama District Court, upon default of both of said defendants to appear. September 8, 1868 (less than one year after the rendition of said decree), plaintiff commenced this proceeding. The petition asks that said decree be vacated and set aside, and that a new trial be granted. The grounds of relief are sufficiently set out in the opinion. The defendant demurred to the petition; the demurrer was overruled, and defendant refusing to answer, and standing upon his demurrer, a decree was rendered vacating the decree of foreclosure, and allowing defense to be made in the proceedings to foreclose the mortgage. Defendant appeals.

*Boardman & Brown* for the appellant.

*Street & Lamb* for the appellee.

BECK, J. — The objections to the action of the District Court are founded upon the decision overruling the de-

1. JURISDIC-
TION: origi-
nal notice

murrer of defendant to plaintiff's petition, and upon the decree, because it was rendered with-out evidence in support of the allegations of the petition. The grounds of the demurrer are that the petition contains no sufficient statement of facts to entitle plaintiff to the relief prayed for, and that it shows plaintiff has an adequate remedy at law.

The petition avers, that plaintiff is the owner in fee of the land covered by the decree of foreclosure; that he purchased it of John Luscomb, who warranted the title against incumbrances; that said John Luscomb did not execute the mortgage foreclosed in said proceeding, but the same was executed by John W. Luscomb, who had no right, title or interest in and to said land, and that said mortgage was not, in fact, a lien or incumbrance upon the land,—all of which was well known to defendant when the mortgage was executed; that the original notice in the foreclosure suit was not served upon John Luscomb, but was, at the instance of defendant, served upon John W. Luscomb; that the mortgage was obtained by defendant, and its execution by John W. Luscomb procured, and the notice of foreclosure served on him, for the purpose of defrauding plaintiff and obtaining the title to said land; that these facts were unknown to plaintiff before the rendition of the decree of foreclosure, and that after the commencement of the suit he had made efforts to ascertain the place of residence of John Luscomb and communicate with him upon the subject of the mortgage, but had been unable so to do until after the expiration of the term of court at which the foreclosure decree was rendered, and did not until then obtain a knowledge of the defenses to said action above stated.

These allegations are presented in a confused manner

in the petition. Other matters are set out at length tending to show irregularity in the decree; and great weight is given to the fact that the petition was filed after the time fixed therefor in the notice. It is not necessary to consider these various matters, for they amount to irregularities which do not operate to avoid the judgment, and must be corrected by appeal, or in other ways pointed out by the statute. That we may not be misunderstood, it is necessary to remark, that no prejudice seems to have been wrought to plaintiff by the filing of the petition after the day fixed therefor in the notice, and he in no manner could have been misled or deceived thereby, as he seems to have made no inquiry in regard to the suit until after the petition was filed, and in fact does not seem to have known of the delay in filing it, until after the decree was entered.

The allegations of the petition above set forth are sufficient to show that there is a good and valid defense to the mortgage; that it is in fact fraudulent, and was fraudulently obtained by defendant; that the suit was fraudulently prosecuted by defendant, in that service of the original notice was, by his procurement, made upon a person not a party to the suit, and so known to him; all done with the fraudulent design of depriving plaintiff of his property. Of all of these facts plaintiff was ignorant, until after the rendition of the decree, though he seems to have used reasonable efforts to ascertain whether any defense to the action in fact existed. The case thus made by the petition, in our opinion, entitled the plaintiff to relief, especially under Revision, §§ 3499–3504, and the demurrer, being directed against the substance of the petition, was properly overruled.

2. PRACTICE: demurrer.

The appellant insists that plaintiff had a remedy at law by motion to set aside the default. This objection,

however, cannot be raised by demurrer. Rev. §§ 2876, 2613; *Conyngham* v. *Smith*, 16 Iowa, 471; *Byers* v. *Rodabaugh*, 17 id. 53; *Trustees, etc.* v. *Forrest*, 15 B. Monroe, 172.

It is further uged by appellant that the court erred in rendering the decree without evidence to support the

3. —— judgment on demurrer. petition. Upon the court's overruling the demurrer, the record states that the defendant "excepts and stands upon his demurrer." By this we are informed that defendant refused to plead over, and, admitting, as he did by his demurrer, the facts set out in the petition, rested his case upon the issue of law raised by the demurrer. The court properly rendered judgment as upon a default or upon the finding of the facts alleged in the petition. Rev. § 3086; *Simeral* v. *Dubuque Mut. Fire Ins. Co.*, 18 Iowa, 324; *Bridge, Beach & Co.* v. *Livingston et al.*, 11 id. 59.

Affirmed.