## MORGAN v. SMALL.

Original notice: PETITION MUST BE FILED AT TIME STATED. If the petition be not filed in the district court at the time stated in the original notice, the action will, under section 2813 of the Revision, be deemed discontinued. The fact that the petition was filed in the circuit court by the time stated in the petition, and subsequently transferred to the district court calendar by the clerk, does not change the rule.

*Appeal from Dubuque District Court.*

WEDNESDAY, DECEMBER 20.

ACTION on promissory note. Default and judgment entered, which being set aside on motion of defendant, plaintiff appeals. The further facts appear in the opinion.

*H. F. McNulty* for the appellant.

*S. M. Pollock* for the appellee.

MILLER, J. — The original notice, with a copy of the petition, was served on the defendant on the 19th day of January, 1871, notifying him that the petition of plaintiff was *then* on file in the office of the clerk of the district court of Dubuque county, and requiring him to appear and defend thereto before noon of the second day of the February term, 1871.

The petition was originally prepared for and filed in the circuit court; that is, the petition contained the name of the court and county in which the action was brought in the following words:

"In circuit court of the State of Iowa, in and for Dubuque county, January term, 1871." (see sec. 2872, Rev. of 1860), marked "filed, Nov. 29, '70, H. A. Rooney, clerk. 393, circuit court."

It also appears from the record that the original notice was also prepared originally for the circuit court but was changed as above stated before it was served on the defendant. There was no change, however, made *in* the petition. The clerk indorsed on the back thereof the words "change to district court." The cause was subsequently placed on the calendar of the district court, and marked on the wrapper inclosing the papers in the case, "filed, January 20, 1871."

It is required by section 2875 of the Revision of 1860, that "the petition must contain the name of the court and county in which the action is brought." This is generally done, as in this case, by a statement showing these facts in the caption to the petition. The petition, therefore, was in the circuit court. The caption determined it so to be, and the act of the clerk, in placing the cause on the calendar of the district court, did not have the effect to transfer the cause from the circuit to the district court. The action was brought, at least to the extent of filing the petition in the circuit court. No notice having been served requiring defendant to appear in that court, no proceedings were had therein. No petition being on file in the district court at the time of serving the notice on defendant to appear therein, or at any time subsequently, the action was to be deemed discontinued. Revision, § 2813.

The default and judgment were at least irregular, and were properly set aside on motion. Revision, §§ 3499, 3500.

Affirmed.