Cibula v. Pitt's Sons' Manufacturing Co.

CIBULA ET AL. v. PITT'S SONS' MANUFACTURING CO.

1. Practice: FILING OF PETITION. If a petition be not filed by the date fixed in the notice, the action is to be deemed discontinued.

2. ———: ———: APPEARANCE. The appearance of the defendant for the purpose of presenting a motion to discontinue the cause will not waive the defect resulting from the failure to file the petition in time.

*Appeal from Tama Circuit Court.*

FRIDAY, JUNE 7.

THE original notice in this action, which was duly served,.. recites that the petition would be on file November the 20th; it was filed November the 22d. The defendants moved to. dismiss the petition, for the reason that it was filed after the time specified in the notice. The motion was overruled, and'

judgment was rendered against defendants. From this ruling and judgment defendants appeal.

*Struble & Kinne*, for appellants.

*Jacob W. Lamb*, for appellees.

BECK, J.—I.  Code, § 2600, provides that if the petition be not filed by the date fixed in the notice, and ten days before the term, "the action will be deemed discontinued." This language is imperative, and unless the defendant waive the non-compliance with the terms of the notice the action must be discontinued.  See *Hudson v. Blanfus et al.*, 22 Iowa, 323.

1. PRACTICE: filing of petition.

II.  Did the appearance of the defendant, for the purpose of presenting the motion to discontinue the cause, waive the defect resulting from the late filing of the petition?

2. ——: ——: appearance.

The language of section 2600 being imperative, no waiver will be presumed from the special appearance for the purpose of the motion, unless it has that effect under a statute. Surely it is inconsistent with the rules governing the practice of the courts to hold that a defect in proceedings, which the imperative language of the statute declares shall work a discontinuance of the case, is waived by the party entitled to take advantage thereof, by his raising an objection thereto.  We know of no statute prescribing such a rule.

A different view has been advanced which is, apparently, based upon the following language of Code, § 2626:  "An appearance, special or other, to object to the substance or service of the notice, shall render any further notice unnecessary, but may entitle the defendant to a continuance, if it shall appear to the court that he has not had the full timely notice required of the substantial cause of action stated in the petition."

This provision is applicable to cases wherein there are objections to "the substance or service of the notice."  The

thought of the Legislature was, that if the notice, though defective, should bring the defendant into court, he should be held to appear to the action. The provision is, therefore, reasonable.

But the objection in this case is not to "the substance or service of the notice;" it is to a proceeding after service and contemplated by the notice. The notice and service are perfect, and are sufficient to bring the defendant into court. Upon his appearance it is disclosed that an irregularity exists which the statute (Code, § 2600) declares shall operate to discontinue the action. It cannot, surely, be claimed that the provision, section 2626, intended to secure the appearance of defendant upon a defective notice, will so operate that defendant shall be presumed to waive an irregularity subsequent to the notice by objecting thereto. Such a construction would make it a statute of *jeofails*, more comprehensive than has ever been devised.

We are of the opinion that the Circuit Court erred in overruling defendant's motion.

REVERSED.