HILDRETH v. HARNEY.

1. **Judgment:** ON PETITION FILED TOO LATE: NOT VOID. Where a petition is filed on a day later than that named in the original notice, it is proper for the court to discontinue the cause; and it is error to refuse to dismiss such a petition; but a judgment recovered upon a petition filed too late is not void, and cannot be collaterally impeached. The irregularity must be corrected by appeal, or in some other direct method known to the law.

*Appeal from Polk Circuit Court.*

TUESDAY, DECEMBER 11.

THE plaintiff brings this action in equity to quiet his title to certain forty acres of land. The court entered a decree for plaintiff as prayed in the petition. The defendant appeals. The material facts are stated in the opinion.

*Detrick & Snell,* for appellants.

*Barcroft, Bowen & Sickmon,* for appellee.

DAY, CH. J.—The plaintiff derived his title to the lands in controversy through the foreclosure of a mortgage executed thereon by David R. Harney, the father of the defendant. The mortgage was foreclosed after the death of David R. Harney, and his widow and children, including the defendant, were made parties to the foreclosure proceeding. The original notice was served personally on the 7th day of December, 1867, and notified the defendants "that there is now on file in the office of the clerk of the district court of Polk county, Iowa, the petition of John M. Harney," claiming of them the foreclosure of the mortgage in question. The petition in the foreclosure proceeding was not in fact filed until January 22, 1868. The defendant claims that, because of the failure to have the petition on file at the time mentioned in the notice, the court failed to acquire jurisdiction, and the decree of foreclosure is void. Section 2600 of the Code provides that, if the petition is not filed by the date fixed in the notice, the action will be deemed discontinued. Under this section, it has been held that it was proper for the court to discontinue a cause, where the petition was not filed within the time mentioned in the notice. *Hudson v. Blanfus,* 22 Iowa, 323. It has also been held that it was error to refuse to dismiss a petition which was not filed until after the time specified in the notice. *Cibula et al. v. Pitt's*

*Sons' Manufacturing Co.*, 48 Iowa, 528. It has never, however, been held that a judgment recovered upon a petition filed after the time named in the notice is void, and liable to collateral impeachment. Upon the contrary, in *Brown v. Mallory*, 26 Iowa, 469, referring to the question now under consideration, in connection with other matters, it is said: "It is not necessary to consider these various matters, for they amount to irregularities which do not operate to avoid the judgment, and must be corrected by appeal, or in other ways pointed out by the statute." In our opinion, the failure to file the petition within the time named in the notice does not render the judgment void.

The judgment of the court below is

AFFIRMED.