PADDLEFORD *et al.* v. COOK.

1. **Practice** : PETITION FILED TOO LATE : RIGHT TO DISMISSAL : WAIVER BY ANSWERING. Where the petition was not filed until after the time fixed therefor in the notice, it was error for the court to refuse to dismiss the case upon defendant's motion (see Code, sec. 2600 ; *Cibula v. Pitt's Sons' Manf. Co.*, 48 Iowa, 528) ; but this error was waived by defendant's then appearing and answering the petition, thus giving the court jurisdiction of his person—it having already jurisdiction of the subject-matter of the action.

2. **Evidence** : VALUE OF LAND AS BEARING ON CONTRACT PRICE. Where the issue was as to the price orally agreed to be paid for land, *held* that evidence of the value of the land was relevant. (See *Johnson v. Harder*, 45 Iowa, 667).

3. —————: EXCLUSION OF : INTENT NOT SHOWN. This court cannot say that it was error to exclude answers to certain questions, when it was not shown, and does not appear, what evidence was intended to be elicited.

4. **Appeal** : PRACTICE : INSTRUCTIONS NOT EXCEPTED TO. This court cannot review instructions to which the record does not show that exceptions were taken.

*Appeal from Story District Court.*—HON. JOHN L. STEVENS, Judge.

FILED, MAY 14, 1888.

ACTION to recover for land sold and conveyed by plaintiffs to defendant, the price being fixed by an oral agreement of the parties. There was a judgment on a verdict for plaintiffs. Defendant appeals.

*J. F. Martin*, for appellant.

*Funson & Gifford*, for appellees.

BECK, J.—I.  The petition was not filed until after the time fixed therefor in the notice.  The defendant moved the court, on this ground, to dismiss the action.  The motion was overruled and an exception taken to the ruling.  Thereupon defendant answered the petition, denying its allegations and averring payment in full for the land, and that the deed did not express the true consideration agreed to be paid for it.

1. PRACTICE: petition filed too late: right to dismissal: waiver by answering.

II.  It is first insisted that the district court erred in overruling the motion to discontinue the case.  This position is undoubtedly correct.  Code, section 2600, provides that, if the petition is not filed within the time fixed in the notice, it "will be deemed discontinued."

III.  But, upon the refusal of the district court to dismiss the petition, it was still pending.  Defendant, by his answer, appeared to the action, and waived the irregularity in the notice or filing of the petition, just as he would have waived the want of a notice had he answered without service upon him.  The pendency of the petition gave the court jurisdiction of the subject-matter of the action, and the appearance by answer gave it jurisdiction of the person of defendant.

IV.  It cannot be said, as is claimed by defendant's counsel, that the court had no jurisdiction of the case, and that appearance did not confer it.  It did have jurisdiction of the case, for the petition, which is the foundation of the jurisdiction of the subject-matter, was pending when defendant filed his answer.  Appearance to insist upon the discontinuance of the cause would not have given the court jurisdiction of the person of defendant (*Cibula v. Pitt's Sons' Manuf. Co.*, 48 Iowa, 528), but by an appearance to plead to the action and enter full defense, the defendant surrenders himself to the jurisdiction of the court.  No decision of this court is in conflict with these views.

V.  Evidence was admitted, against defendant's objection, tending to show the value of the land. In our

2. EVIDENCE: value of land as bearing on contract price. opinion, it was pertinent and competent. The issues involved the question as to the sum to be paid under the oral contract, which was in dispute. The evidence as to the value of the land would have some bearing on this question, as the inference might be drawn that the parties probably were guided, in fixing the consideration to be paid for the land, by its value. *Johnson v. Harder*, 45 Iowa, 677.

VI. A witness for defendant was asked to state what was said by the parties, at a specified time, in regard to the transaction. It does not 3. ——: exclusion of: intent not shown. appear what evidence was expected to be elicited by the question. Under familiar rules recognized by this court, we cannot hold the exclusion of evidence to be erroneous, when the character or effect of such evidence is not shown. No such showing is made, nor does it appear that the witness could have made any response to the question if permitted to answer it.

VII. Instructions given to the jury are complained 4. APPEAL: practice: instructions not excepted to. of, but it is not shown that exceptions were taken to them. We cannot therefore consider the objections thereto urged by defendant's counsel.

VIII. The verdict is sufficiently supported by the evidence. These views cover all questions in the case. The judgment of the district court is

AFFIRMED.