PATRICK CONLEY, Appellant, v. THOMAS DUGAN.

**Action:** LIMITATION OF ACTIONS. .A plaintiff in an action on a note, who negligently delays mailing the petition to the clerk for filing so long,.that from a slight interruption in the mail service, the petition is not filed until two days after the date fixed in the original notice, as a result of which, under Code, 1873, section 2600, the action is dismissed on defendant's motion, cannot commence a second action to prevent the bar of the statute of limitations, under section 2537, authorizing the bringing of a new suit with such effect if plaintiff fails in his first action through any cause *"except negligence in its prosecution."*

SAME. Defendant in an action on a note, is entitled, under Code, 1873, section 2600, to a dismissal of the action where the original notice served in the action fixed the date for filing the petition and plaintiff waited so long before mailing the petition to the clerk that from a slight interruption of the mail service the petition did not reach the clerk until two days after the time fixed for filing.

SAME. One who neglects to file his petition in time, by reason of which his action is dismissed, on defendant's motion, after it is too late, on account of the statute of limitations,.to commence a new action, is not entitled to a continuation of his action, under Code, 1873, section 2537, providing that, if plaintiff fail in his action through any cause except negligence in its prosecution, a new suit, if brought within six months, shall be deemed a continuation of the first; though an attorney, not shown to have any authority to act for defendant, but representing that he was employed to defend the action, negotiated for settlement, and procured extension of time to answer, thereby consuming time, till a new action was barred.

**Appeal:** REVIEW. The action of the trial court in dismissing an action on a note, from which no appeal is taken, cannot be considered on appeal from a judgment sustaining a demurrer to the petition in a second suit on the same cause of action, which second suit is claimed to be a continuation of the first, within section 2537 of the Code of 1873.

*Appeal from Howard District Court.*—HON. A. N. HOBSON, Judge.

SATURDAY, APRIL 9, 1898.

PLAINTIFF sued to recover upon a promissory note which fell due July 24, 1896. The original notice served on the defendant April 23, 1896, stated that the petition would be on file on June 1, 1896. The petition was not in fact filed until June 3d. ·On October 13th following, defendant moved to dismiss the action because the petition was not on file at the time stated in the notice. This ·motion was sustained, and to the ruling plaintiff excepted, but no appeal was taken therefrom. On December 2, 1896, plaintiff brought another action on said note, alleging as follows: "That this action was originally commenced on April 22, 1896, by delivering an original notice to the constable, with instructions to serve immediately, and the said notice was served on the following day. That said notice stated that the petition would be on file on or about June 1, 1896. That said petition was filed on June 3, 1896. That at the June term, commencing June 15, 1896, at which defendant was cited to appear, defendant was negotiating with H. L. Spaulding, plaintiff's attorney for a settlement. That H. T. Reed informed said attorney that he was employed to defend said action, and that he had a verified answer in his possession, but, before filing said answer, he intended to file a motion for security for costs. That thereupon it was agreed between said attorneys that, owing to the expected settlement, plaintiff would waive the filing of any pleadings at said term, by defendant. That, should no settlement be reached, plaintiff would file a bond as security for costs, without a motion being filed therefor, and defendant would then file his answer a sufficient time before the October term next following, so that plaintiff could take depositions and be prepared for trial at said term, and that the cause be continued. That in accordance with said

agreement, and in reliance thereon, said cause was continued, and, no settlement having been reached, plaintiff filed his bond as security for costs. That defendant did not file his answer, and at the October term filed his motion to dismiss, because the petition was not filed on or before the date stated in the original notice, which motion was sustained. That said petition was drawn by plaintiff's said attorney, and was mailed by him at Elma, Iowa, the home of said attorney, in time to reach the clerk's office, in the usual course of the mails, on the date stated in the notice, and the same was delayed in the mails. That plaintiff was not aware of the date of filing until defendant's said motion was filed. Wherefore plaintiff prays that this action be held a continuance of the action commenced April 22, 1896, and that the cause of action be held not barred, and that he have judgment against the defendant for the amount due on said note, according to the terms thereof, and for costs of suit." To this petition a demurrer was interposed, setting up the following grounds: (1) That the petition shows upon its face that the cause of action stated therein is barred by limitation; (2) that the showing made is not sufficient to prevent the running of the statute. The demurrer was sustained, and, plaintiff electing to stand upon the ruling, judgment was entered for defendant for costs. To this, plaintiff duly excepted, and, by proper process, brings the matter to this court for review.—*Affirmed.*

*H. L. Spaulding* for appellant.

*Reed & Reed* for appellee.

Waterman, J.—Appellant assigns as error, first, the action of the trial court in sustaining the motion to dismiss the first action. No appeal being taken from

the ruling, we cannot consider the matter. Indeed, we think the beginning of the second suit was a waiver of any right to complain of rulings in the first action. But, while we must accept the decision on the motion as final, there are some matters incidental to the first action which are rendered necessary and proper for consideration here, by reason of the allegations of the petition in the second suit.

II. The next two assignments of error are based upon the rulings on demurrer, and they may very well be considered together. The original notice was served in the first action April 23d, fixing the time when the petition would be on file as June 1st. Plaintiff then waited until so late a date that any slight interruption of the mail service would prevent him from complying with the terms of the notice, and sent the paper by mail to the clerk. Such interruption occurred, and the petition was not filed until after the date fixed in the notice. This default entitled defendant to have the action dismissed. Code 1873, section 2600; *Webster v. Hunter*, 50 Iowa, 215. That this was negligence on defendant's part, we think, is substantially settled by *Clark v. Stevens*, 55 Iowa, 361.

Plaintiff seeks to bring this action within the terms of Code 1873, section 2537, which provides, in substance, that, if plaintiff fail in his action through any cause except negligence in its prosecution, a new suit, if brought within six months, shall be deemed a continuation of the first. But can what took place after the filing of the first petition in any way excuse plaintiff, or operate to shield him from the consequences of his default? It is not alleged in the petition in this action that Reed was Dugan's attorney in June, or had any authority to act or speak for him. If it can be said that plaintiff was not negligent in relying upon a statement made by a sworn officer of the court, while this

might excuse his delay, it would not exonerate him frôm the charge of negligence in beginning the action; and it was for the latter, and not for delay, that his action was finally dismissed. If, by any wrongful act of Reed, plaintiff was induced to wait until the dismissal of his action lost him his rights, it may be that he has a cause of action for this against Reed; but he cannot excuse his own default by the plea that some person took advantage of it. The judgment of the trial court is AFFIRMED.