FIRST NATIONAL BANK, Appellee, v. F. J. STONE, Appellant.

Pleading: FAILURE TO SIGN PETITION: DISMISSAL. Failure of an attorney to subscribe his name to a petition will not entitle the defendant, after expiration of the date fixed in the original notice, to an absolute right to a disimssal of the action.

*Appeal from Woodbury District Court.*—HON. WM. HUTCHINSON, Judge.

WEDNESDAY, FEBRUARY 3, 1904.

The opinion states the case. *Affirmed.*

*Taylor & Burgess* for appellant.

*C. A. Irwin* for appellee.

WEAVER, J.—On July 2, 1901, plaintiff caused to be served upon defendant an original notice informing him

that on or before August. 15, 1901, a petition would be filed in the office of the district court of Woodbury county, demanding recovery from defendant upon a cause of action sufficiently described in said notice. The notice was in the usual form, and was signed by "C. A. Irwin, Attorney for Plaintiff." Within the time mentioned in the notice, the plaintiff filed a petition in the office of the clerk. Said petition was duly entitled, and regular in form, save the fact that the blank at the foot of the last page

"_____

Attorney for Plaintiff."

—was not filled in with the signature of the plaintiff, or of its counsel. In other words, the petition was not subscribed as provided for by Code, section 3580. This unsigned petition, when filed, was inclosed in; or had attached thereto, a cover, on the back of which was written the title of the cause, the name of the paper inclosed, and beneath such writing the name of "C. A. Irwin, Attorney for Plaintiff." On August 26, 1901, defendant filed a motion to dismiss the action on the ground that no petition had been filed within the time named in the notice, and the only petition pretended to be filed was not subscribed by plaintiff or its attorney. On August 31, 1901, plaintiff filed an amended and substituted petition, substantially identical in form with the one previously filed, except that it was duly subscribed by counsel. On October 10, 1901, the motion to dismiss was submitted to the court, and on October 12, 1901, it was overruled. The correctness of this ruling is the only question presented by the appeal.

Code, section 3580, provides "every pleading must be subscribed by the party or by his attorney"; and by section 3515 it is also provided, "If a petition is not filed by the date thus fixed [in the notice] and ten days before the term the defendant may have the action dismissed." We have, then, to inquire if the omission of the signature at the conclusion of the petition is such a fatal defect that its filing in that form is equivalent to the filing of no petition at all; thus giv-

ing the defendant an absolute right to demand a dismissal under the statute above quoted. While the provision of the statute that the pleading "must be subscribed" is imperative in form, the use of these words does not necessarily mean in all cases that failure to observe their requirement makes the paper bearing this defect an absolute nullity. When such a provision has reference to some jurisdictional act, document, or process, it may well be, and usually is, held that such defect is fatal. Such, for instance, has been our decision as to an unsigned notice in *Hoitt v. Skinner*, 99 Iowa, 360, and, as to a notice of appeal to this court, in *Doerr v. Life Ass'n*, 92 Iowa, 39, and *Bank v. Radcliffe*, 111 Iowa, 662. But in matters which are nonjurisdictional such strictness of interpretation is rarely indulged in. For instance, the provision that a pleading "must" be subscribed is no more mandatory in form than that other provision (Code, section 3559) that a petition "must" be entitled with the names of the parties plaintiff and defendant, followed by the words "Petition at Law," or "Petition in Equity;" yet this court has held that an entire omission of these matters—the petition being simply addressed, "To the Judge of the District Court of Polk County"—is, at most, a merely formal defect, which will not justify a dismissal of the action. *Smith v. Watson*, 28 Iowa, 218. Although the statute provides that a petition in divorce proceedings "must" be verified, the failure to verify does not go to the jurisdiction of the court, and will not support a collateral attack upon a decree obtained on such a defective pleading. *McCraney v. McCraney*, 5 Iowa, 254. Our statute also provides that, where the petition contains more than one cause of action, each "must" be stated wholly in a count or division by itself; but this is universally interpreted simply as a rule of pleading, which the opposing party may insist upon, and a violation of it carries with it no greater penalty than an order to amend. The right which Code, section 3515, gives to the defendant to demand a dismissal of the action, exists only where there is an entire failure to file the petition within the time named in the notice. The filing

of a petition that is merely defective in some matter of form, or even of substance, so long as its purpose and intent are indicated with reasonable certainty, and the other party is not misled into a belief that the action is abandoned, should not be a cause for sending the plaintiff out of court; nor has the Legislature, by this provision, expressed any such intention. Of course, if appellant is correct in his interpretation of the statute, and the right to have the action dismissed has been thereby granted, then he is not to be censured for insisting upon such dismissal simply because the objection is the merest technicality. But the fact that the defect complained of is one of form only; that it is not possible to conceive that defendant was thereby misled or prejudiced in the slightest degree; that he knew, from the name subscribed to the original notice, who was plaintiff's attorney; that such notice was confirmed by the same attorney's name indorsed upon the cover of the petition; that there is no complaint that the pleading was in any other respect defective or informal; and that, when attention was called to the omission, it was quickly cured by amendment—should induce the court to be very reluctant to sustain the objection, save upon clear statutory requirement therefor, and such requirement we do not find. The *Smith Case* appears to us directly in point, and sufficient authority for the views we have here expressed; and, even as an original question, we could reach no other conclusion.

The ruling of the district court is AFFIRMED.