SIOUX COUNTY, Appellant, v. GERARDINA KOSTERS, Appellee.

**JUDGMENT: By Default—Setting Aside—When Affidavit of Merit and Pleading Unnecessary.** A judgment by default may be set aside on a motion made by defendant during the term, but without any affidavit of merit, and without pleading issuably and forthwith, when the petition, though filed more than ten days before

the next term of court, was filed *after the time specified in the original notice.*

**APPEAL AND ERROR:** **Decisions Appealable—Setting Aside Default.**
2  Principle recognized that an order setting aside a default is not appealable.

**ACTIONS:** **Commencement—Dismissal Because of Belated Filing.** The
3  filing of a petition on a date subsequent to the time specified in the original notice is an invalidating matter which the defendant may waive.

*Appeal from Sioux District Court.*—C. C. BRADLEY, Judge.

DECEMBER 15, 1922.

PLAINTIFF appeals from an order setting aside a judgment by default. The opinion states the facts.—*Affirmed.*

*Anthony Te Paske* and *Hatley & Van de Steeg,* for appellant.

*Van Oosterhout & Kolyn,* for appellee.

DE GRAFF, J.—This appeal involves the construction of Code Section 3790 in relation to Section 3515. These sections read:

"Default may be set aside on such terms as to the court may seem just, among which must be that of pleading issuably and forthwith, but not unless an affidavit of merits is filed, and a reasonable excuse shown for having made such default, nor unless application therefor is made at the term in which default was entered, or if entered in vacation, then on the first day of the succeeding term." Section 3790.

1. JUDGMENT: by default: setting aside: when affidavit of merit and pleading unnecessary.

"If the petition is not filed by the date thus fixed, and ten days before the term, the defendant may have the action dismissed." Section 3515.

Question stated: May a judgment by default be set aside on defendant's motion made within term time without first filing an affidavit of merits and pleading issuably forthwith, the

petition in the action having been filed more than ten days before the next term of court but subsequently to the day fixed in the original notice, and the petition not being on file when the notice was served on the defendant?

An action is commenced "by serving the defendant with a notice," which must contain *inter alia* a recital that "a petition is, or on or before the date named therein will be, filed in the office of the clerk of the court wherein action is brought." Code Section 3514.

In the instant case the date fixed in the original notice for filing the petition was "on or before October 10, 1921." The next term of court commenced October 31, 1921. The notice was served September 23, 1921. The petition was filed October 17, 1921. No appearance was made or pleading filed by defendant "before noon of the second day of the term" at which term defendant was required to appear. On November 2, 1921 judgment by default was entered against him. On November 7, 1921, and at the same term of court, defendant filed his motion to set aside the judgment, but otherwise there was no attempt to comply with the conditions specified in Section 3790. The trial court sustained the motion and vacated the judgment. The ruling is provocative of this appeal.

In passing it may be said that the order entered is not an appealable order and the appeal is properly subject to dismissal on motion. *Odell v. Coquolette,* 103 Iowa 435. As both parties hereto have presented the point in briefs and arguments we refrain from summarily disposing of this appeal.

2. APPEAL AND ERROR: decisions appealable: setting aside default.

The history of the legislation of Code Section 3515 harks back to Section 1716 Code of 1851. It then read: "If the petition is not filed by the time thus fixed or if not filed ten days before the first day of the next term the action will be deemed discontinued unless good cause be shown for the failure."

In the Revision of 1860 the corresponding section (Section 2813) read: "If the petition is not filed by the date thus fixed, and ten days before the term, the action will be deemed discontinued." Section 2600 of the Code of 1873 is identical and the subsequent amendment as it appears in the present Code changes

only the language after the word "term" making it read, "the defendant may have the action dismissed."

Section 1716 of Code of 1851 is essentially different from Section 2600 of the Code of 1873 and Section 3515 of the present Code. In the Code of 1851 the language of the section is in the disjunctive; in the later Codes it is in the conjunctive. It is clear that our legislature intended to change the rule of law, and this is recognized in the case of *Hudson v. Blanfus,* 22 Iowa 323. It follows, therefore, that the precedent of *McCaffree v. Guesford,* 1 Iowa 80 and *Anderson v. Kerr,* 10 Iowa 233 were not controlling after the adoption of the Code of 1860.

Jurisdiction of a defendant is obtained in one of two ways: (1) voluntary appearance (2) by service of original notice in the manner and form prescribed by law. The function of an original notice is to bring the defendant into court to answer to a petition duly filed and in this particular the language of Section 3515 is imperative and mandatory. *Edwards Loan. Co. v. Skinner,* 127 Iowa 112; *Rotch v. Humboldt College,* 89 Iowa 480. If the defendant desires to waive a failure of compliance on the part of plaintiff, it is his privilege to do so; but unless he voluntarily appears and waives defects it is his right to insist upon the observance of the statute. *State v. Knapp,* 178 Iowa 25. A special appearance is not a waiver. *Moffitt v. Chicago Chronicle Co.* 107 Iowa 407; *Read v. Rousch,* 189 Iowa 695.

3. ACTIONS: commencement: dismissal because of belated filing.

A defendant has the right to rely upon the terms of the notice which is served upon him, and if upon the date designated in the notice no petition is on file, he is not in default forsooth he did not make inquiry in the office of the clerk thereafter. The defendant has the right to demand a dismissal of the action upon the failure of plaintiff to file the petition within the time named in the notice. *First Nat. Bank v. Stone,* 122 Iowa 558; *Conley v. Dugan,* 105 Iowa 205. In the event that a judgment by default is entered under such circumstances it is the right of the defendant to directly attack the judgment as a voidable judgment, and it is the duty of the court to order it set aside and vacated.

This right and duty respectively found expression in the

case at bar.    Wherefore the order entered by the trial court is—
*Affirmed.*

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.