GERALD V. PEDERSEN et ux., appellees, v. JACK THORN, appellant.

No. 51783.

(Reported in 137 N.W.2d 588)

October 19, 1965.

Rehearing Denied December 13, 1965.

Baker & Miller, of Humboldt, for appellant.

Jaqua & Mansfield, of Humboldt, for appellees.

Larson, J.—While several interesting propositions appear in this appeal, the decision must turn upon the vital question of whether appellant was in default at the time default and judgment were rendered against him.

From the record we learn plaintiffs' original petition at law for an account was filed January 16, 1964, and that due notice upon defendant was had January 17, 1964. Pursuant to his appearance on February 5 defendant filed a motion to dismiss, to strike, and for more specific statement, on February 11. This motion has never been ruled upon by the court. However, on June 16, 1964, plaintiffs filed an amendment to their petition in which it is contended they confessed the motion and complied with it.

Nothing further appears of record until July 27, 1964, when plaintiffs made a motion for default for lack of an answer, and also submitted to the court a proposed judgment entry against defendant. There being no judge at Dakota City on that date, the motion and judgment were sent by mail to one of the judges of that district at Algona, Iowa. Both were signed July 31 and were filed for record at Dakota City on August 3, 1964.

Meanwhile, on July 28, 1964, defendant had filed his answer

and counterclaim, and on August 3 plaintiffs filed a motion to strike both the answer and the counterclaim. On the 7th of August defendant filed his resistance thereto, premised on the ground that he was not in default when the order and judgment were signed and entered of record.

Upon oral submission of these motions, the court on August 27, 1964, sustained plaintiffs'. motion to strike defendant's answer and counterclaim and overruled defendant's motion to set aside the default entry and judgment rendered against him.

When defendant's motion to reconsider, filed September 4, 1964, was not ruled on by September 24 defendant appealed to this court. Thereafter, when the trial court refused to rule on this motion on the basis that it had no jurisdiction to do so, defendant also appealed from that denial on January 28, 1965. Although we need not reach this issue, it seems clear that after defendant's September 24 appeal, the trial court was correct in holding it lacked jurisdiction to then consider the motion to reconsider. See McCauley v. Municipal Court of Des Moines, 254 Iowa 1345, 121 N.W.2d 96, and cases cited therein.

I. The basis for default under our Rules of Civil Procedure is set forth in rule 230, R. C. P., and these rules supersede those considered prior to their adoption. Thews v. Miller, 255 Iowa 175, 181, 121 N.W.2d 518, 522.

Appellant contends rule 230 was not violated. He points out his timely motion to dismiss, to strike, and to make more specific, had not been ruled on by the court when appellees' motion for default was filed, and that when the court ruled on appellees' motion for default, defendant's answer and counterclaim were on file.

The trial court took the position that although defendant's motion to dismiss, to strike, and to make more specific, was timely filed and had not been ruled upon by the court as provided in rule 117, R. C. P., plaintiffs' amendments to their petition of June 16, 1964, were in effect a confession and compliance with the motion and absolved the court from the duty to rule on defendant's motion. We cannot agree. No rule so providing and no decision are cited us supporting such a conclusion. Amendments so made may or may not meet or satisfy the contentions of

the movant, and at least until he files an answer or other proper pleadings, his right to have the motion ruled upon by the court could not be considered terminated. Thus, it seems plaintiffs should have obtained a court ruling on that motion, and complied therewith, before they made demand for a further defendant pleading under rule 85, R. C. P.

■■ Although we can agree with the trial court that defendant's answer was not timely filed or filed with court approval as provided in rule 85 (f), unless the unruled-on motion extended his time to file further pleadings, we cannot agree that plaintiffs' amendments absolved the court of its duty to rule on defendant's motion under rule 117, R. C. P., or that defendant's act of filing his answer and counterclaim amounted to a waiver of the ruling or an abandonment of this motion at least prior to the filing of defendant's answer and counterclaim. At best, such a waiver would only replace the court's ruling and thereafter defendant would have seven days in which to plead further. Rule 85 (b). We are satisfied when plaintiffs' motion for default and request for judgment was filed on July 27, 1964, there was pending a proper and timely motion to dismiss, to strike, and make more specific, and when the court's order of default was signed on July 31 and entered on August 3, 1964, defendant's answer and counterclaim were properly on file. The default motion should have been overruled.

We considered just such a situation in the recent case of Thews v. Miller, supra, 255 Iowa 175, 179, 121 N.W.2d 518, and after stating that ordinarily waiver and abandonment alone do not form a basis for default, held, where undisposed motions were on file, the orders of the trial court entering judgment against the defendant must be set aside and the refusal of the court to set aside the default and judgment rendered thereunder must be reversed. It was further pointed out that in order to avoid chaos and uncertainty in such case, both the courts and the attorneys must carefully comply and abide by the procedure set forth in the Rules of Civil Procedure. We now repeat that admonishment. Also see City of Des Moines v. Barnes, 237 Iowa 6, 20 N.W.2d 895.

■ II. As pointed out in Division I, the default and judg-

254

ment against defendant were illegally entered against him and, when this was called to the court's attention, it was its duty to set them aside. Refusal to do so under this record was clearly an abuse of discretion, and the order refusing to do so must be reversed. Davis v. Glade, 257 Iowa 540, 133 N.W.2d 683; Hobbs v. Martin Marietta Co., 257 Iowa 124, 131 N.W.2d 772; Edgar v. Armored Carrier Corporation, 256 Iowa 700, 128 N.W.2d 922; Handy v. Handy, 250 Iowa 879, 96 N.W.2d 922, and citations.

It is, therefore, ordered that both the default and the judgment entered against defendant on August 3, 1964, be set aside and that defendant's answer and counterclaim be reestablished as a pleading in the matter.—Reversed and remanded.

All JUSTICES concur.