GEORGE GEORGE, appellant, v. WILLIAM GANDER, appellee.

No. 52543.

(Reported in 154 N.W.2d 76)

NOVEMBER 14, 1967.

Mahoney, Jordan & Smith, of Boone, for appellant.

Cartwright, Druker, Ryden & Fagg, of Marshalltown, for appellee.

STUART, J.—The question presented is: Should plaintiff's petition have been dismissed under R.C.P. 55 when the original notice states the petition *is now* on file and it was not filed until Monday following the service of notice on the preceding Saturday?

On Friday, July 29, 1966, plaintiff's counsel in Boone mailed a petition seeking damages for personal injury to the Clerk of

the District Court in Boone. At the same time the original notice was mailed to the Guthrie County Sheriff in Guthrie Center for service on defendant. The notice recited that the petition "is now on file" and was served on defendant Saturday, July 30, 1966. The petition was filed Monday, August 1, 1966.

On August 15 defendant filed a special appearance challenging the jurisdiction of the court. It was amended August 22 to include a claim he was entitled to dismissal under R.C.P. 55 which provides:

"If the petition is not filed as stated in the original notice served, any defendant may have the case dismissed as to him, without notice, at plaintiff's cost; and may docket it for this purpose by filing his copy of the original notice, if need be."

After hearing in which it was agreed the Office of the Clerk of the District Court was open on Saturday, July 30, 1966, the trial court sustained the special appearance. Plaintiff has appealed. We affirm.

I. Plaintiff claims the petition was timely filed under a liberal construction of R.C.P. 55 in view of section 4.1, paragraph 23, 1966 Code of Iowa, which, in its pertinent parts, provides:

"* * * whenever by the provisions of any statute or rule * * * the last day for the commencement of any action or proceedings, the filing of any pleading or motion in a pending action * * * falls on a Saturday * * * the time therefor shall be extended to include the next day which is not a Saturday, Sunday * * * [or holiday] * * *."

We cannot agree section 4.1, paragraph 23, applies to R.C.P. 55. The rule does not set any date or time by which a petition must be filed. Plaintiff set his own time in the original notice. Such time is not prescribed by any statute or rule applicable here. Plaintiff could have stated in the notice the petition "will be on file August 1, 1966". He chose the words "is now on file". The petition was not filed "as stated in the original notice" and under the express provisions of R.C.P. 55, defendant "may have the case dismissed".

II. Failure to comply with R.C.P. 55 in no way prejudiced defendant. Plaintiff claims a showing of prejudice is required. While the result seems harsh, we have consistently held R.C.P. 55 and prior statutes mandatory. Credit Industrial Corporation v. Miller, 255 Iowa 1022, 125 N.W.2d 142; Read v. Rousch, 189 Iowa 695, 703, 179 N.W. 84 (petition one day late).

In Conley v. Dugan, 105 Iowa 205, 208, 74 N.W. 774, we said: "Plaintiff then waited until so late a date that any slight interruption of the mail service would prevent him from complying with the terms of the notice, and sent the paper by mail to the clerk. Such interruption occurred, and the petition was not filed until after the date fixed in the notice. This default entitled defendant to have the action dismissed."

In Sioux County v. Kosters, 194 Iowa 1300, 1303, 191 N.W. 315, a default judgment, entered when defendant failed to appear, was set aside because petition was filed seven days late. We said:

"The function of an original notice is to bring the defendant into court to answer to a petition duly filed and in this particular the language of Section 3515 [now R.C.P. 55] is imperative and mandatory. Edwards Loan Co. v. Skinner, 127 Iowa 112; Rotch v. Humboldt College, 89 Iowa 480. If the defendant desires to waive a failure of compliance on the part of plaintiff, it is his privilege to do so; but unless he voluntarily appears and waives defects it is his right to insist upon the observance of the statute. State v. Knapp, 178 Iowa 25. A special appearance is not a waiver. Moffitt v. Chicago Chronicle Co., 107 Iowa 407; Read v. Rousch, 189 Iowa 695.

"A defendant has the right to rely upon the terms of the notice which is served upon him, and if upon the date designated in the notice no petition is on file, he is not in default forsooth he did not make inquiry in the office of the clerk thereafter. The defendant has the right to demand a dismissal of the action upon the failure of plaintiff to file the petition within the time named in the notice. First Nat. Bank v. Stone, 122 Iowa 558; Conley v. Dugan, 105 Iowa 205. In the event that a judgment by default is entered under such circumstances it is the right of the defendant to directly attack the judgment

·as a voidable judgment, and it is the duty of the court to order ·it set aside and vacated."

█ III. Plaintiff claims failure to file the petition as stated in the original notice is not a jurisdictional defect and defendant by raising the issue in an amendment to his special appearance waived his rights under R.C.P. 55. He also claims defendant elected to raise only jurisdictional matters when the special appearance was filed and he should be bound by that election.

The contention failure to file a petition at or before the time stated in the notice is not a jurisdictional defect is correct under Credit Industrial Corp. v. Miller, 255 Iowa 1022, 1027, 125 N.W.2d 142. It is also true: "Under our statute, a defendant may make a special appearance to an action against him, for the sole purpose of attacking the jurisdiction of the court." Read v. Rousch, 189 Iowa 695, 699, 179 N.W. 84.

Defendant's original special appearance challenged the jurisdiction only. His amendment set forth the facts surrounding the filing of the petition and stated "jurisdiction of this defendant was not obtained; and moreover, defendant is entitled to the dismissal of this cause under R.C.P. 55.

"Wherefore, defendant prays as in his original Special Appearance; and further that the court dismiss this cause pursuant to R.C.P. 55."

█ Therefore, the "special appearance" as amended raised matters which did not go to the jurisdiction of the court. This does not mean, however, that the inclusion of nonjurisdictional matter in the "special appearance" brings the result suggested by plaintiff. They are not to be disregarded or waived. If a paper designated a "special appearance" "pleads matter which, in fairness, must be deemed purely defensive, or as calling for the exercise of the court's judicial authority to pass upon any question except its own jurisdiction, then the fact that the paper is entitled a 'Special Appearance', instead of an answer or other pleading, is immaterial, and ordinarily the appearance will be treated as general." Read v. Rousch, supra, loc. cit. 699. Raley v. Terrill, 253 Iowa 761, 765, 113 N.W.2d 734; In re Estate of Ferris, 234 Iowa 960, 971, 14 N.W.2d 889.

The holding in Credit Industrial Corporation v. Miller, supra, that a dismissal under R.C.P. 55 is on the merits rather than jurisdictional is material here only as it makes the special appearance in fact a general appearance. Here the statute of limitations had run and defendant did not rely on res judicata as a defense to a second action, but asked for dismissal under the rule.

Rule 55 was before the court and the sustaining of the special appearance had the same effect as an order sustaining a motion to dismiss.

IV. Plaintiff urges us to apply the rule of liberal construction we have adopted relating to deficiencies in an original notice to the requirements of R.C.P. 55 "to avoid defeating action because of technical and formal defects which could not reasonably have misled defendant." Jacobson v. Leap, 249 Iowa 1036, 1040, 88 N.W.2d 919; Krueger v. Lynch, 242 Iowa 772, 779, 48 N.W.2d 266; First National Bank v. Stone, 122 Iowa 558, 560, 98 N.W. 362.

We have examined R.C.P. 55 with a sympathetic eye because the result seems harsh. .However, the rule is so clear we can find no reasonable grounds upon which we can depart from the construction given it in the cases cited above holding it to ·be mandatory. · ..

For the reasons stated, we hold the trial court was correct in its ruling.—Affirmed.

All JUSTICES concur except LARSON and BECKER, JJ., who dissent.

LARSON, J.—I respectfully dissent. The majority holds that a failure to have a petition on file at the time stated in the original notice is sufficient cause to require a dismissal, on the merits, of his action under rule 55 of the Iowa Rules of Civil Procedure. I do not agree.

This troublesome question is not one of recent origin. The problem arose in the Code of 1851, section 1716, the predecessor of rule 55, which provided: "If the petition is not filed by the time thus fixed, or if not filed ten days before the first day of the next term, the action will be deemed discontinued, *unless good cause be shown for the failure.*" Under this Code a party

was allowed to show good cause why his petition was not timely, and, if the court found good cause existed, his action would not be dismissed. McCaffree v. Guesford, 1 (Cole) Iowa 80; Cheever v. Lane, 3 (Cole) Iowa 296; Sweet v. Porter, 12 (Cole) Iowa 387.

Apparently, due to court holdings that this section related to jurisdiction, the 1860 revision, section 2813, the good cause portion of the corresponding section of the Code of 1851 was deleted as unnecessary. The provision then read as follows: "If the petition is not filed by the date thus fixed, and ten days before the term, the action will be deemed discontinued." Being then considered only a jurisdictional matter, this good cause phrase was never restored in the statute or in its successor, rule 55, R. C. P.

The case of Hudson v. Blanfus, 22 Iowa 323, was the first case that dealt with this particular problem under the deleted language. In that case the petition was not timely filed as required by the statute. The court there discussed the applicable provisions of the 1860 Code and noted that, since the legislature deleted "unless good cause be shown for the failure", it had intended that the action be discontinued whether good cause was shown or not. However, the court stated that if a party did not timely file his petition, he may again begin his action without prejudice from the discontinuance of the first action. The dismissal in Blanfus was based on jurisdictional grounds for noncompliance with provisions stated in the original notice. Even if the dismissal was without prejudice, the only remaining problem was that of the Statute of Limitations. This has been the constant interpretation of the rule until the recent case of Credit Industrial Corp. v. Miller, 255 Iowa 1022, 125 N.W.2d 142. Although we have indicated no sympathy for a late or negligent filing by plaintiff, the court in Blanfus foresaw the problem under rule 55 and tried to avoid a final determination by stating that if good cause could be shown why the petition was not on file and the plaintiff was not negligent in its prosecution, the second action would be deemed a continuation of the first. It cited section 2749 of the Code of 1860 for this authority, which is a predecessor of section 614.10 of the Code of 1966.

Examination of the later cases of Cibula v. Pitt's Sons' Manufacturing Co., 48 Iowa 528; Brown v. Mallory, 26 Iowa 469; Hildreth v. Harney, 62 Iowa 420, 17 N.W. 584; Conley v. Dugan, 105 Iowa 205, 74 N.W. 774; Paddleford v. Cook, 74 Iowa 433, 38 N.W. 137; Read v. Rousch, 189 Iowa 695, 179 N.W. 84; Sioux County v. Kosters, 194 Iowa 1300, 191 N.W. 315; and Morgan v. Small, 33 Iowa 118, indicates no rejection of the rationale in Blanfus. The majority believes Conley v. Dugan and Read v. Rousch, both supra, stand for the proposition that R. C. P. 55 and its predecessors require a mandatory dismissal. I do not so read them. In Conley v. Dugan, supra, plaintiff failed to mail his petition until just before the date stated on the original notice. When a delay in the mails caused it to be filed two days after the date stated on the original notice, the court sustained defendant's motion under section 2600 of the Code of 1873, now R. C. P. 55, but premised the affirmance of this dismissal upon the negligence of the plaintiff in the prosecution of his action under section 2537 of the Code of 1873, now 614.10 of the Code of 1966, and did not pass on the question of whether section 2611 of the Code of 1873 was mandatory. The plaintiff attempted to get back into court under section 2537, which in substance provides that if the plaintiff fails in his action through any cause except negligence in its prosecution, a new suit, if brought within six months, shall be deemed a continuation of the first. From this holding, it would appear that notwithstanding the previous dismissal under section 2600, except for plaintiff's negligence he would have been entitled to continue his action, and a dismissal on the merits was not proper under section 2600.

In Read v. Rousch, supra, the plaintiff did not comply with the time stated in the original notice and his petition was not timely filed. The trial court sustained defendant's motion to dismiss under section 3515 of the Code Supplement of 1913, another predecessor of R. C. P. 55. Even though the court said that the defendant was entitled to have the action dismissed under this section, it did not hold that a dismissal under this section was mandatory *upon the merits*.

The majority also cites Sioux County v. Kosters, supra, wherein the court did state that the language of section 3515 of the Code Supplement of 1913 "is imperative and mandatory." In any event, even though the language of R. C. P. 55 is considered mandatory, none of the cases cited by the majority, nor other cases examined by me until the Credit Industrial Corp. case in 1963, has held that the dismissal was *upon the merits*.

In considering rule 55, R. C. P., Alan Loth, in 29 Iowa Law Review 35, 46, stated: "The dismissal for failure to file a petition (Rule 55) probably is without prejudice; it is not for failure to comply with any Rule, but only for noncompliance with the original notice; and is in the nature of dismissal for want of jurisdiction."

Due to an unsupported statement in Credit Industrial Corp. v. Miller, supra, it is necessary to reconsider the intent and purpose of rule 55. That case appears to establish for the first time that (1) a dismissal under rule 55 is not on jurisdictional grounds but is a mandatory statutory right, and (2) since the dismissal is not jurisdictional, it will be an adjudication upon the merits unless otherwise specified. In reaching its determination as to (1) above, the court reasoned that since it had been established by the cases that a dismissal under R. C. P. 55 was mandatory and granted by statute, it did not go to a question of jurisdiction and thus was to be raised by general appearance. The court, in reaching its conclusion as to (2) above, reasoned that when R. C. P. 55 is read together with R. C. P. 217, which states: "All dismissals not governed by rule 215 or not for want of jurisdiction or improper venue, shall operate as adjudications on the merits unless they specify otherwise", a dismissal on the merits is required. If that is true, I believe that Credit Industrial should be overruled, but I do not believe rule 217 does automatically operate as an adjudication upon the merits. It states a dismissal shall operate as an adjudication on the merits unless the dismissal specifies otherwise. This clause clearly gives the court discretion in matters such as the one in the case at bar to recognize exceptions to this rule. I feel that failure to file a timely

petition not due to the negligence of the plaintiff was meant and intended to be one of these exceptions.

Section 684.18 of the Code of 1966 states: "The Supreme court shall have the power to prescribe all rules of pleading, practice and procedure, and the forms of process, writs and notices, for all proceedings of a civil nature in all courts of this state, for the *purpose* of simplifying the same, and of *promoting the speedy determination of litigation upon its merits.*" (Emphasis added.) This admonishment should be observed.

All the Rules of Civil Procedure should be read with the above in mind. The pertinent portion of rule 55 states: "If the petition is not filed as stated in the original notice served, any defendant *may* have the case dismissed as to him, without notice, at plaintiff's cost * * *." (Emphasis added.) The history of this rule amply points out that it was not intended to preclude a plaintiff from recommencing his action if the statute of limitations had not run when he originally commenced his action as long as the plaintiff was not negligent in the prosecution of his original action. The interpretation placed on this rule by the majority, I feel, would not only be unduly harsh and unfair, but would also tend to frustrate the purpose of these rules.

Apparently the majority feels the result reached under the strict interpretation of this rule is wrong, but it seems to believe the only way to correct it is by changing the rule to provide reinstatement for good cause. I do not believe this is necessary or just as to this litigant. I do not agree that the dismissal on the merits under rule 217 is automatic and a necessary result. I would hold a dismissal under rules 55 and 217 is without prejudice and the plaintiff is entitled to get back into court, *provided* that he can comply with the provisions of 614.10 of the 1966 Code.

In any event, rule 55 should not result in dismissal of a petition where failure to file the petition has been cured by actual filing before defendant's request for dismissal is brought to the attention of the court.

There is a close analogy between this situation and defaults for want of pleading. In fact, this is a dismissal for want of filing a pleading. Where plaintiff seeks a default for want of pleading, he comes too late if the motion or pleading has been

filed (thus curing the defect) before the default is entered. Pedersen v. Thorn, 258 Iowa 250, 137 N.W.2d 588. See also Thews v. Miller, 255 Iowa 175, 121 N.W.2d 518. Such interpretation would be entirely consistent with the previously-suggested purposes of rule 55. The only possible prejudice to the defendant from such an interpretation is the loss of an advantage that is inherently unfair and unjust where the omission has been timely cured.

BECKER, J., joins in this dissent.