Jerry CROAK, Appellant,

v.

GATEWAY TRANSPORTATION COM-
PANY, INC., Appellee.

No. 55612.

Supreme Court of Iowa.

July 3, 1973.

Rehearing Denied Oct. 11, 1973.

Jerry Hilton, Des Moines, for appellant.

Cecil L. Goettsch, of Bradshaw, Fowler, Proctor & Fairgrave, Des Moines, for appellee.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, UHLENHOPP, and McCORMICK, JJ.

RAWLINGS, Justice.

Plaintiff appeals from final adjudication adverse to him on defendant's motion for summary judgment alleging a dismissal of substantially the same prior action by plaintiff was res judicata. We affirm.

August 28, 1969, plaintiff Jerry Croak (Croak) caused an original notice to be served on defendant Gateway Transportation Company, Inc. (Gateway). By this notice Gateway was advised to the effect a correlative petition would be on file September 6, 1969, in Polk District Court clerk's office. The filing date thus fixed was a Saturday, the clerk's office not then being open for business. Although the aforesaid petition was timely mailed it did not reach the addressee until September 8th, the case being then docketed Law No. 94283.

September 11, 1969, Gateway, unable to find the noticed case, moved for a dismissal of cause No. 94322. The same date that motion was sustained by Judge Wheeler. Upon being advised regarding the true docket number Gateway promptly restated its dismissal motion as to cause No. 94283. October 8th Judge Crouch dismissed that case. No appeal was taken therefrom.

Sometime later Croak commenced substantially the same cause of action as before, docket No. 94447, Polk District Court. Gateway then moved for summary judgment on this second case thereby contending, in substance, the prior dismissals were on the merits thus res judicata. Croak filed resistance thereto. After presentation of arguments on the matter trial court sustained Gateway's summary judgment motion and dismissed cause No. 94447. From that final adjudication Croak takes this appeal.

Errors asserted by him in support of a reversal are, trial court erred by (1) failing to extend time for filing plaintiff's first petition to the clerk's next working

day, and (2) not construing Iowa R.Civ.P. 55 in a manner such as to effect substantial justice.

■ I. Both of these assignments must be resolved adverse to plaintiff in light of Iowa R.Civ.P. 55, The Code 1966, and attendant pronouncements in Prine v. Hovick, 176 N.W.2d 183, 184–185 (Iowa 1970); George v. Gander, 261 Iowa 275, 280, 154 N.W.2d 76 (1967); Credit Industrial Corp. v. Miller, 255 Iowa 1022, 1027, 125 N.W.2d 142 (1963); Conley v. Dugan, 105 Iowa 205, 74 N.W. 774 (1898).

We are not persuaded the cases cited above should be now overruled. But see proposed Rule 55, Report of the Supreme Court to the First Regular Session of the Sixty-Fifth General Assembly of the State of Iowa, submitted January 18, 1973, here in any event inapplicable.

■ II. Croak contends however Wilson v. Wright, 189 N.W.2d 531 (Iowa 1971) dictates an appellate holding favorable to him.

It is to us apparent *Wilson* is so factually distinguishable as to instantly be of no force or effect.

First, the initial dismissal in *Wilson* was without prejudice but in the case at bar it operated as an adjudication on the merits. See Iowa R.Civ.P. 55, The Code 1966, and related cases cited above.

Second, since Croak has never, in trial court or here, invoked Code § 614.10 the rationale in *Wilson*, premised thereon, is instantly of no consequence.

Third, even if such rationale in *Wilson* were applicable it still remains § 614.10 is of no aid to Croak because the dismissal of his first action was, as aforesaid, on the merits.

■ III. The foregoing also brings into play another established principle which, under existing circumstances, dictates the adjudication from which appeal is here taken be upheld.

By his second action Croak attempted nothing more nor less than an impermissible collateral attack on the previously entered dismissal from which no appeal was taken.

As stated in Reimers v. McElree, 238 Iowa 791, 795, 28 N.W.2d 569, 571 (1947):

"[A] collateral attack is said to be:

" ' * * * an attack made by or in an action or proceeding that has an independent purpose other than the impeaching or overturning of the judgment, although impeaching or overturning the judgment may be necessary to the success of the action.' "

*Accord*, City of Chariton v. J. C. Blunk Constr. Co., 253 Iowa 805, 816–817, 112 N.W.2d 829 (1962); Anderson v. Schwitzer, 236 Iowa 765, 772, 20 N.W.2d 67 (1945); Brown v. Tank, 230 Iowa 370, 374, 297 N.W. 801 (1941). See also 46 Am.Jur.2d, Judgments, §§ 630–631; 49 C.J.S. Judgments § 408.

And in King City v. Southern Sur. Co., 212 Iowa 1230, 1244, 238 N.W. 93, 99 (1931), we adopted this instantly applicable precept:

" 'It is an established rule that the verity of the record and the validity of a judgment of a superior court of general jurisdiction cannot be collaterally impeached. * * * "The general and well-settled rule of law in such cases is that, when the proceedings are collaterally drawn in question, and it appears on the face of them that the subject-matter was within the jurisdiction of the court, they are voidable only. The errors and irregularities, if any exist, are to be corrected by some direct proceeding, either before the same court, to set them aside, or in an appellate court." ' "

*Accord*, City of Chariton v. J. C. Blunk Constr. Co., *supra*; Davis v. Rudolph, 242 Iowa 589, 596–598, 45 N.W.2d 886 (1951); Watt v. Dunn, 236 Iowa 67, 72, 17 N.W.2d 811, 814 (1945); In re Estate of Haga, 229

Iowa 380, 383–384, 294 N.W. 589 (1940). See also 46 Am.Jur.2d, Judgments, §§ 621–622; 49 C.J.S. Judgments § 401.

Trial court did not err in entering a final adjudication adverse to plaintiff Jerry Croak on the motion for summary judgment filed by defendant Gateway Transportation Company, Inc.

Affirmed.